PER CURIAM.
For the second time, the defendant, Jeffrey Alan Weekley, appeals his sentence due to sentencing errors. We affirm in part, and reverse in part and remand.
The defendant was charged by information with ten counts of sexual battery, one count of kidnapping, one count of aggravated battery and three counts of simple battery. The state nolle prossed five counts of sexual battery and three counts of simple battery. The defendant was ultimately convicted of four counts of sexual battery by threatening to use force likely to cause serious bodily injury, one count of kidnapping, and one count of aggravated battery.
At the original sentencing hearing, the trial court orally sentenced the defendant to thirty years on each of the four sexual battery convictions and fifteen years on the aggravated battery count, all to run consecutively, and life on the kidnapping conviction which was to run concurrent to the other sentences. However, the trial court’s written sentence made each sexual battery sentence consecutive, the life sentence for kidnapping concurrent with the last sexual battery sentence, and the aggravated battery sentence consecutive to the life sentence and the last sexual battery sentence. The defendant appealed his original sentence noting that the written sentence did not reflect the trial court’s oral pronouncement of sentence. However, this court reversed the defendant’s sentence on other *80 grounds. Weekley v. State, 553 So.2d 239 (Fla. 3d DCA 1989) (cumulative injury to victim should have been considered and single victim injury score assigned).
Upon remand, the state outlined various facts presented during the trial which it believed supported departure from the sentencing guidelines. Those facts included the fact that the defendant punched the victim, threatened to kill her, held her head under water in the bathtub, ran hot water over her, urinated on her, choked her, and burned her with a cigarette. Upon resen-tencing, the trial court departed from the guidelines range and imposed a life sentence on the kidnapping charge, consecutive thirty year sentences on each of the four sexual battery charges, and a consecutive fifteen years on the aggravated battery conviction. The trial court set forth four written reasons for the departure sentence:
1. The defendant treated the victim in a particularly cruel, vicious, wicked and callous manner as to be beyond that exhibited in an ordinary sexual battery, kidnapping and aggravated battery case.
2. The defendant used excessive brutality and in doing so acted in an odious, repulsive, and repugnant manner as to be beyond that exhibited in an ordinary sexual battery, kidnapping and aggravated battery case.
3. The conduct of the defendant was so extraordinary and egregious as to be beyond that exhibited in an ordinary sexual battery, kidnapping and aggravated battery case.
4. The offenses for which the defendant was found guilty were committed in a calculated, planned, premeditated manner without any moral or legal justification.
In its order, the court also found that each of the reasons listed would be sufficient in the trial judge’s mind to justify a departure from the presumptive guidelines sentence. The defendant appeals.
The defendant contends the trial court erred in departing from the sentencing guidelines because the reasons for departure are invalid since they involve inherent components of the offenses of conviction, take into consideration offenses for which no convictions were obtained, or are unsupported by the evidence. We disagree.
“[A]n appellate court’s function in a sentencing guidelines case is merely to review the reasons given to support departure and determine whether the trial court abused its discretion in finding those reasons ‘clear and convincing.’ ” State v. Mischler, 488 So.2d 523, 525 (Fla.1986) (citations omitted). See also Albritton v. State, 476 So.2d 158 (Fla.1985) (proper standard of review of extent of departure sentence is whether judge abused his discretion). During sentencing, a trial court may consider extraordinary or aggravating circumstances and actions of the accused in the commission of the offense. See Whitfield v. State, 515 So.2d 360 (Fla. 4th DCA 1987); Smith v. State, 454 So.2d 90 (Fla. 2d DCA 1984).
We find that the first three reasons for departure in reality constitute one reason for departure, to wit: that the defendant’s actions during the commission of the crimes were so extraordinary, cruel, egregious, vicious, and wicked that they went beyond the ordinary sexual battery, kidnapping, or aggravated battery case. Additionally, based on the record presented, we hold that the finding of the extraordinary nature of the defendant’s actions has been proven beyond a reasonable doubt and is, therefore, a valid reason for departure. See Tillman v. State, 525 So.2d 862 (Fla. 1988); Lerma v. State, 497 So.2d 736 (Fla. 1986), receded from on other grounds, State v. Rousseau, 509 So.2d 281, 284 (Fla. 1987); Whitfield, 515 So.2d at 360; Smith, 454 So.2d at 90. Thus, the trial court did not abuse its discretion in finding that this reason constituted a “clear and convincing” reason to justify departure.
As to the fourth reason, “premeditation or calculation may support a departure sentence if the facts supporting premeditation or calculation are proven beyond a reasonable doubt.” Lerma, 497 So.2d at 739. The evidence presented in the instant action supports a finding of premeditation. *81 As a result, the trial court did not abuse its discretion in basing its departure on a finding that the offenses were premeditated.
Next, the defendant contends the trial court erred in imposing a more severe sentence upon remand without identifying any conduct, on the part of the defendant, since the original sentencing which justifies the harsher sentence. We agree.
The imposition of a harsher sentence after a defendant has successfully attacked a conviction or sentence on appeal gives rise to a presumption of vindictiveness which may be overcome only by identification of information in the record which justifies the increased sentence. United States v. Goodwin, 457 U.S. 368, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982); North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), overruled, in part, on other grounds, Alabama v. Smith, 490 U.S. 794, 799-803, 109 S.Ct. 2201, 2205-07, 104 L.Ed.2d 865 (1989); Wemett v. State, 567 So.2d 882 (Fla.1990); Blackshear v. State, 531 So.2d 956 (Fla. 1988).
In the instant case, the sentences imposed upon remand are consecutive and, thus, are harsher than the original oral sentence of life with concurrent term of year sentences. The trial judge failed to overcome the presumption of vindictiveness since the judge during resentencing solely relied on evidence adduced at the earlier trial and not on any conduct on the part of the defendant occurring after the original sentencing. See Goodwin, 457 U.S. at 368, 102 S.Ct. at 2486; Pearce, 395 U.S. at 711, 89 S.Ct. at 2072; Wemett, 567 So.2d at 882; Blackshear, 531 So.2d at 956. Therefore, we conclude that the trial court violated the defendant’s due process rights, and reverse his sentence.
For the aforementioned reasons, we reverse the sentence imposed and remand for resentencing in accordance with the trial court’s original sentencing goal of concurrent sentences. Upon remand, the trial court may impose a sentence in excess of the recommended guidelines sentence, predicated upon the departure reasons which we have found valid.
Affirmed in part, and reversed in part and remanded.