PER CURIAM.
We find no error in the trial court refusing to permit the defendant to introduce evidence of an exculpatory hearsay statement made at the time of his arrest, which was some two and one-half months after the crime with which he was charged. Christopher v. State, 583 So.2d 642 (Fla.1991); Wasko v. State, 505 So.2d 1314 (Fla.1987); Lynn v. State, 395 So.2d 621 (Fla. 1st DCA 1981); Watkins v. State, 342 So.2d 1057 (Fla. 1st DCA 1977).
The other points urged for reversal are found to be nonmeritorious. Campbell v. State, 227 So.2d 873 (Fla.1969), cert dismissed, 400 U.S. 801, 91 S.Ct. 7, 27 L.Ed.2d 33 (1970); Hornbeck v. State, 77 So.2d 876 (Fla.1955); Parker v. State, 570 So.2d 1048 (Fla. 1st DCA 1990); State v. Amaro, 436 So.2d 1056 (Fla. 2d DCA 1983); Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Therefore, the verdict of adjudication of guilt and sentences under review are affirmed.
Affirmed.