PER CURIAM.
Michael W. Gaither appeals his convictions for three counts of capital sexual battery and two counts of lewd and lascivious acts and the sentences imposed on the noncapital felonies. We affirm the convictions but remand for resentencing on the two noncapital offenses.
This appeal is on the retrial of Gaither after this court reversed all convictions and remanded for a new trial. See Gaither v. State, 581 So.2d 922 (Fla. 2d DCA 1991). At the initial sentencing, the trial court imposed sentences of five and one-half years, which fell within the guidelines’ recommended range, on the two charges of lewd and lascivious acts. At sentencing following the second trial, the trial court, without the benefit of a guidelines’ score-sheet, sentenced Gaither to consecutive fifteen-year prison terms on each of the non-capital felonies, which was the statutory maximum and an apparent upward departure from the guidelines. The trial court, however, did not list any reasons for departure or justification for exceeding the sentences imposed originally.
The United States Supreme Court has held that a judge may not impose a harsher sentence upon a defendant after a new trial unless the record affirmatively *30 shows some justification resulting from the defendant’s conduct after the original sentencing. North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). This record is devoid of evidence that Gaither’s conduct after the original sentencing supported an increased sentence. Further, it was error for the trial court to fail to utilize a scoresheet in sentencing Gaither on the noncapital felonies. See Lamb v. State, 532 So.2d 1051 (Fla. 1988); Taylor v. State, 563 So.2d 822 (Fla. 2d DCA 1990). We, therefore, vacate the two sentences on the lewd and lascivious acts convictions. Upon remand for resen-tencing on those two counts, the trial court may not depart from the guidelines. See Taylor v. State, 586 So.2d 1345 (Fla. 2d DCA 1991).
We affirm all convictions and the sentences on the capital felonies but vacate the two sentences for lewd and lascivious acts and remand for resentencing within the sentencing guidelines.
FRANK, A.C.J., and PARKER and ALTENBERND, JJ., concur.
¡O I KEY NUMBER SYSTEM^