ON MOTION FOR REHEARING
PER CURIAM.
On motion for rehearing, this court substitutes the following opinion for the original opinion of February 8, 1994.
A trial court adjudicated Rosemarie Jaf-rancois guilty of third-degree felony child abuse, § 827.04(1), Fla.Stat. (1989), and sentenced defendant to 364 days in jail and five years on probation. Thereafter, this court affirmed the conviction but vacated her sentence and remanded for resentencing in Jafrancois v. State, 615 So.2d 866 (Fla. 3d DCA 1993), holding the trial court had erred in imposing the sentence, as the jail term combined with the probationary period exceeded the five-year statutory maximum sentence for a third-degree felony.
On remand, the judge reduced the five-year term of probation to four years. The judge then expressed his concern for the safety of the child. The judge was advised that a juvenile dependency case had been instituted. The trial judge then ordered that Jafrancois “must abide by the orders of the Juvenile Court dependency case” as a special condition of Jafrancois’ probation. This appeal followed. We affirm.
As stated in North Carolina v. Pearce, 395 U.S. 711, 723, 89 S.Ct. 2072, 2079, 23 L.Ed.2d 656, 668 (1969):
A trial judge is not constitutionally precluded ... from imposing a new sentence, whether greater or less than the original sentence, in light of events subsequent to the first trial that may have thrown new light upon the defendant’s ‘life, health, habits, conduct, and mental and moral propensities.’
See Williams v. New York, 337 U.S. 241, 245, 69 S.Ct. 1079, 1082, 93 L.Ed. 1337, 1341 (1949). “[T]he punishment should fit the offender and not merely the crime.” *721 Williams, 337 U.S. at 247, 69 S.Ct. at 1083. Here, the record reflects a dependency hearing was merely anticipated at the time of the original sentencing. Therefore, the juvenile court proceedings and resulting orders regarding the mother’s interaction with the child were events subsequent to the first trial, which the judge was permitted to take into account in resentencing the defendant. Pearce, 395 U.S. at 721-23, 89 S.Ct. at 2079. See United States v. Durbin, 542 F.2d 486 (8th Cir.1976). Identification of new information justified the addition of the special condition and overcame the general presumption of vindictiveness which otherwise prohibits such action. See Weekly v. State, 584 So.2d 78 (Fla. 3d DCA 1991).
Accordingly, the order under review is affirmed.
NESBITT and LEVY, JJ., concur.