681 So.2d 1178 (1996)
Roland Everett GRAHAM, Appellant,
v.
STATE of Florida, Appellee.
No. 95-01707.
District Court of Appeal of Florida, Second District.
October 16, 1996.
James Marion Moorman, Public Defender, and Kevin Briggs, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Robert L. Martin, Assistant Attorney General, Tampa, for Appellee.
FULMER, Judge.
In this criminal appeal, Roland Graham challenges the five concurrent guidelines sentences of 40 years' imprisonment imposed after the trial court granted his motion for postconviction relief and vacated the five concurrent habitual felony offender sentences of 25 years' imprisonment earlier imposed. Graham cites North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), in support of his contention that the trial court improperly increased his sentence after his original sentence was vacated. Pearce requires reversal only if a defendant establishes that his new guidelines sentence is more severe than his original habitualized sentence and that the more severe sentence was imposed for a vindictive purpose. Pearce also provides for a presumption of vindictiveness when the same trial judge imposes a harsher sentence after the defendant successfully attacks the original sentence. 395 U.S. at 726, 89 S.Ct. at 2081. Here, the second sentence was not imposed by the same judge who imposed the original sentence. Therefore, Graham's reliance on the Pearce presumption of vindictiveness as grounds for reversal is misplaced.
In cases where no presumption applies, the defendant has the burden of proving actual vindictiveness. Wemett v. State, 567 So.2d 882 (Fla.1990); Thomas v. State, 638 So.2d 169 (Fla. 1st DCA 1994). Graham neither alleged nor proved that the second trial judge was vindictive in imposing the harsher sentence and our review of the transcript reveals no trace of vindictiveness. Furthermore, we are not prepared to acknowledge that the second sentence is, in fact, more harsh than the first. In light of the statutory provisions for awarding gain *1179 time in habitual verses nonhabitual sentences and the potential for forfeiture of gain time, there can be no definitive answer as to which of the sentences is more severe in this case. See §§ 944.275(4), (5), 775.084(4)(e), Fla.Stat. (1993).
We do agree with the defendant, and the state concedes, that the sentences imposed for his attempted armed robbery convictions are beyond the statutory maximum for a second degree felony. See §§ 775.082(3)(c), 777.04(4)(d), 812.13(2)(a), Fla.Stat. (1993); Stocker v. State, 617 So.2d 789 (Fla. 1st DCA 1993).
Accordingly, we affirm the sentences for the two counts of attempted murder, but reverse and remand for resentencing on the attempted armed robbery counts.
Reversed and remanded.
THREADGILL, C.J., and LAZZARA, J., concur.