PER CURIAM.
Jose Ching appeals the denial of his rule 3.850 motion for post-conviction relief. We affirm because Ching is not entitled to the mid-guidelines sentence he now seeks.
On May 21, 1998, Ching pled guilty to two counts of armed robbery, kidnaping with- a weapon, burglary with assault or battery therein with firearm, and attempted first degree murder. The plea agreement called for a sentence of twenty years in state prison. On September 3,1998, the State filed a motion to correct sentence because Ching had been sentenced under the 1995 Sentencing Guidelines that had been declared unconstitutional. He was sentenced on September 10, 1998 to 15.9 years with a three-year minimum mandatory for the use of the firearm. This sentence was modified on January 10, 2002 based on a recalculation of Ching’s score-sheet, which now called for a sentence of between 7.65 years and 12.75 years. Ching was sentenced to 12.75 years on February 20, 2002.
Ching then filed a motion for post conviction relief in the trial court, pursuant to rule 3.850, Florida Rules of Criminal Procedure. He argued that he should have received a middle-of-the-guidelines sentence, i.e., 10.2 years. The trial court held an evidentiary hearing, after which it denied Ching’s motion.
Ching contends that the trial court erred in denying his motion for post-conviction relief without attaching specific parts of the record to refute his claims. Ching’s contention is misplaced.
The attachment of portions of the record to the order of denial is necessary for this Court to perform its function of reviewing the trial court’s ruling. See Jackson v. State, 602 So.2d 696 (Fla. 4th DCA 1992). However, Florida Rule of Criminal Procedure 3.850(d) only requires the trial court to attach those portions of the record relied on when the trial court does not conduct an evidentiary hearing. When an evidentiary hearing is conducted, the appellate court can review the tran *983 script of the hearing to determine the basis of the trial court’s ruling.
The record here includes the transcript of the evidentiary hearing that the trial court conducted on October 3, 2002, on Ching’s motion for post-conviction relief. As such, the trial court was not required to attach portions of the record to its order denying Ching’s motion for post-conviction relief.
In addition, a review of the plea-colloquy transcript of May 21, 1998 reveals that Ching negotiated for twenty years in state prison and not for a mid-guidelines sentence. He understood that he would be sentenced to twenty years in state prison, not that he would be sentenced to a middle-of-the-guidelines sentence. The plea colloquy shows that Ching entered into the plea freely and voluntarily. There is no mention anywhere in the plea colloquy about a mid-guidelines sentence.
Ching also contends that the trial judge acted vindictively in sentencing him. Again, the record does not support Ching’s position.
A review of the transcript reveals that in this case, the judge did not participate in the plea agreement in the original sentencing hearing on May 21, 1998. At the resentencing hearing in September 2003, the judge also did not participate in the negotiations and did not ask Ching to accept the plea. In addition, there was no disparity between the plea offer and the sentence imposed, since the sentence was exactly the same as the plea offer, twenty years in state prison, which Ching agreed to. Finally, there is no presumption of vindictiveness because the February 20, 2002 sentencing hearing was conducted by a different judge than the one at the original sentencing hearing on May 21, 1998 and the one at the resentencing in September 1998. Thus, it seems clear that no presumption of vindictiveness attached to the sentence imposed.[1] See Wilson v. State, 845 So.2d 142 (Fla.2003); Graff v. State, 843 So.2d 1012 (Fla. 5th DCA 2003).
The judge at the February 2002 sentencing sentenced Ching to the top of the guidelines. Ching had agreed to be sentenced to the top of the guidelines in September 1998. The original sentence of twenty years imposed on May 21,1998 was a negotiated plea and there was no mention of any guideline ranges. Ching here seeks a benefit to which he is not entitled, i.e., to be sentenced to a mid-guidelines sentence. In light of the foregoing, the trial court properly denied Ching’s motion for post-conviction relief.
Affirmed.

. In cases where no presumption applies, Ching has the burden of proving actual vindictiveness. See Graham v. State, 681 So.2d 1178 (Fla. 2d DCA 1996). Ching cannot prove actual vindictiveness because the trial court sentenced him to the top of the guidelines where he had agreed to it in the previous resentencing. In addition, each judge gave Ching the chance to withdraw his plea, and Ching chose not to withdraw it.