916 So.2d 750 (2005)
Albert HOLLAND, Appellant,
v.
STATE of Florida, Appellee.
Albert Holland, Petitioner,
v.
James V. Crosby, Jr., etc., Respondent.
Nos. SC03-1033, SC04-34.
Supreme Court of Florida.
November 10, 2005.
*753 Bradley M. Collins, Fort Lauderdale, FL, for Appellant/Petitioner.
Charles J. Crist, Jr., Attorney General, Tallahassee, FL, and Debra Rescigno, Assistant Attorney General, West Palm Beach, FL, for Appellee/Respondent.
PER CURIAM.
Albert Holland appeals an order of the circuit court denying his motion for post-conviction relief under Florida Rule of Criminal Procedure 3.851 and petitions the Court for a writ of habeas corpus. We have jurisdiction. See art. V, § 3(b)(1), (9), Fla. Const. We affirm the circuit court's order denying Holland's rule 3.851 motion and deny Holland's petition for a writ of habeas corpus.

FACTS AND PROCEDURAL HISTORY
The relevant facts of the case are as follows:[1] On July 29, 1990, Holland attacked *754 a woman and ran off after a witness interrupted the attack. Police officers responding to the call found the woman semiconscious with severe head wounds. Pompano Beach police officer Scott Winters and other officers began searching for the man believed to have been involved in the attack. A short time later, witnesses saw Officer Winters struggling with Holland. During the struggle, Holland grabbed Officer Winters' gun and shot him. Officer Winters died of gunshot wounds to the groin and lower stomach area.
Holland was convicted of first-degree murder, armed robbery, sexual battery, and attempted first-degree murder. The jury recommended death by a vote of eleven to one. The trial court sentenced Holland to death. On direct appeal, this Court reversed Holland's conviction due to the erroneous admission of expert medical testimony concerning an examination of Holland by a State psychiatrist. The court found that the examination took place in violation of Holland's right to counsel and right to remain silent.
On retrial, Holland was convicted of first-degree murder, armed robbery, attempted sexual battery, and attempted first-degree murder. The jury recommended death by a vote of eight to four. The trial court found the following aggravating circumstances: (1) the defendant was previously convicted of a felony involving the use or threat of violence to a person; (2) the capital felony was committed while the defendant was engaged in the commission of, or in an attempt to commit, or in flight after committing or attempting to commit the crime of robbery or an attempt to commit the crime of sexual battery or both; and (3)(a) the crime was committed for the purpose of avoiding or preventing a lawful arrest or effecting an escape from custody, merged with (3)(b) the victim of the capital felony was a law enforcement officer engaged in the performance of his legal duties. The court did not find that any statutory mitigating circumstances were established but did find the existence of two nonstatutory mitigating circumstances: (1) history of drug and alcohol abuse (little weight) and (2) history of mental illness (little weight). The trial court concluded that the aggravators outweighed the mitigators and sentenced Holland to death.
Holland raised twenty-two claims on direct appeal from his conviction and death sentence in his second trial.[2] This Court *755 found no merit in any of his claims, and on October 5, 2000, it affirmed both the convictions and the sentences, including the sentence of death. Pursuant to Florida Rule of Criminal Procedure 3.851, Holland filed a motion to vacate judgment and sentence in the Circuit Court of the Seventeenth Judicial Circuit.

The Lower Court's Order
Holland raised eight claims in his motion for postconviction relief.[3] The trial court held an evidentiary hearing on claims III and VIII, pursuant to Huff v. State, 622 So.2d 982 (Fla.1993). At this hearing, the court determined that claims III and VIII were without merit and that the remaining claims were either legally insufficient, refuted by the record, or procedurally barred. Holland now appeals the trial court's denial of relief. He also petitions this Court for a writ of habeas corpus.

MOTION FOR POSTCONVICTION RELIEF UNDER RULE 3.851
In his 3.851 motion for postconviction relief, Holland alleges two claims involving ineffective assistance of counsel and one claim involving the trial court's summary denial of some of his claims. We consider each in turn and find that all are without merit.

1. CONCESSION OF GUILT CLAIM
Holland's first claim of ineffective assistance of counsel is based on his trial counsel's concession of guilt to attempted first-degree murder without Holland's express, prior consent. We find that the standard in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), applies to this claim and that this claim is without merit.[4]
*756 This Court has recently reiterated the standard we apply to claims of ineffective assistance of counsel:
Following the United States Supreme Court's decision in Strickland [v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)], this Court held that for ineffective assistance of counsel claims to be successful, two requirements must be satisfied:
A claim of ineffective assistance of counsel, to be considered meritorious, must include two general components. First, the claimant must identify particular acts or omissions of the lawyer that are shown to be outside the broad range of reasonably competent performance under prevailing professional standards. Second, the clear, substantial deficiency shown must further be demonstrated to have so affected the proceeding that confidence in the outcome is undermined.
Maxwell v. Wainwright, 490 So.2d 927, 932 (Fla.1986).
. . . [Furthermore] [t]he defendant alone carries the burden to overcome the presumption of effective assistance: "[T]he defendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.'" [Strickland, 466 U.S. at 689-90, 104 S.Ct. 2052.]
State v. Duncan, 894 So.2d 817, 823 (Fla. 2004), cert. denied, ___ U.S. ___, 126 S.Ct. 397, 163 L.Ed.2d 275 (2005).
Applying this standard to Holland's case shows that his argument is without merit. Defense counsel did not simply concede Holland's guilt. Instead, during closing argument, defense counsel acknowledged Holland's damaging trial testimony in which Holland effectively admitted each element of the crime, and counsel argued that Holland was not guilty by reason of insanity. Additionally, Holland's trial testimony was basically consistent with significant, damaging testimony from the victim and two eyewitnesses. Under the unique facts of this case, we conclude that defense counsel's "assistance was reasonable considering all the circumstances." Strickland, 466 U.S. at 688, 104 S.Ct. 2052.

2. FAILURE TO PROPERLY INVESTIGATE MITIGATION EVIDENCE CLAIM
Holland's second claim involving ineffective assistance of counsel alleges that his penalty phase counsel was ineffective because the sole defense investigator did not investigate Holland's background or social history to discover evidence of mitigating factors. While we recognize that "the obligation to investigate and prepare for the penalty portion of a capital case cannot be overstated," State v. Lewis, 838 So.2d 1102, 1113 (Fla.2002), and that attorneys have a "strict duty to conduct a reasonable investigation of a defendant's *757 background for possible mitigating evidence," Ragsdale v. State, 798 So.2d 713, 716 (Fla.2001) (quoting State v. Riechmann, 777 So.2d 342, 350 (Fla.2000)), we find this claim is without merit. Holland has not established that any unpresented mitigation actually existed; therefore, there is no evidence his counsel was deficient or that he was prejudiced by this deficiency.
In evaluating claims that counsel was ineffective for failing to present mitigating evidence, this Court requires that the defendant bear the burden of establishing that counsel's ineffectiveness "deprived the defendant of a reliable penalty phase proceeding." Asay v. State, 769 So.2d 974, 985 (Fla.2000) (quoting Rutherford v. State, 727 So.2d 216 (Fla.1998)). The principal concern, as recognized by the United States Supreme Court, is not whether a case was made for mitigation but whether the "investigation supporting counsel's decision not to introduce mitigating evidence . . . was itself reasonable" from counsel's perspective at the time the decision was made. Wiggins v. Smith, 539 U.S. 510, 523, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003). In conducting our review, we accord deference to the trial court's findings of fact that are supported by competent, substantial evidence. See Stephens v. State, 748 So.2d 1028, 1034 (Fla.1999).
We also note two maxims that assist our review. First, counsel cannot be deemed deficient for failing to investigate or present mitigation evidence unless the defendant establishes that mitigation exists. Gore v. State, 846 So.2d 461, 469-70 (Fla.2003) (holding, in part, that defendant failed to prove his ineffectiveness claim by failing to present any evidence at the evidentiary hearing from witnesses he claimed would be helpful). Second, defense counsel cannot be deemed deficient for failing to present cumulative evidence. Gudinas v. State, 816 So.2d 1095, 1106 (Fla.2002) (finding that trial counsel was not ineffective for failing to present evidence in mitigation that was cumulative to evidence already presented in mitigation).
Employing these maxims, as well as the relevant case law, we find that Holland has failed to establish that his counsel's conduct warrants a new penalty phase proceeding. Penalty phase counsel explained that he considered Holland's background not only in his review of the records but also in speaking with Holland and Holland's father. While we recognize that counsel failed to make use of the available investigator and never spoke with the three family members he expected to appear and testify on Holland's behalf,[5] Holland has not met his burden of establishing that his penalty phase counsel's conduct was deficient. At trial, counsel presented Holland's family history through Holland's father, who arguably was able to give the jury a sufficient picture of Holland's life. More importantly, there was no evidence presented at the evidentiary hearing as to what any other witness would have testified to in mitigation, and the evidentiary hearing demonstrates that the testimony of the family members who did not appear *758 would have likely been cumulative to the father's testimony.
Moreover, even assuming penalty phase counsel's background investigation was deficient, Holland's claim still fails because he did not establish that he was prejudiced by this deficiency. See Maxwell v. Wainwright, 490 So.2d 927, 932 (Fla.1986). Holland's allegation that he was prejudiced because penalty phase counsel's deficiencies substantially impair confidence in the outcome of the proceedings is merely conclusory and must be rejected. See Gaskin v. State, 737 So.2d 509, 516 n. 14 (Fla.1999) ("Prejudice, in the context of penalty phase errors, is shown where, absent the errors, there is a reasonable probability that the balance of aggravating and mitigating circumstances would have been different or the deficiencies substantially impair confidence in the outcome of the proceedings."); see also Armstrong v. State, 862 So.2d 705, 712 (Fla.2003) (finding that a mere conclusory allegation of prejudice was legally insufficient). Accordingly, we deny relief on this claim.

3. SUMMARY DENIAL OF REMAINING CLAIMS
Finally, Holland contends that it was error for the trial court to summarily deny claims I, II, IV, V, VI, and VII, and that these claims should have been found to be meritorious.[6] We disagree. The trial court complied with rule 3.851 in respect to these claims. Not only did the lower court make findings, but it also adopted and incorporated by reference the State's response to Holland's rule 3.851 motion, which contains the portions of the record necessary for meaningful appellate review. We hold that the trial court did not err.

Claim I
In claim I, Holland alleges that his trial counsel was ineffective for failing to object to the admission of Officer McDonald's opinion testimony that Officer Winters' service weapon had been intentionally hidden in the place where it was found. Counsel's performance was not deficient in this regard. Officer McDonald's lay witness opinion testimony is analogous to testimony this Court held admissible in Floyd v. State, 569 So.2d 1225, 1231-32 (Fla.1990). In Floyd, this Court found that it was within the permissible range of lay observation and ordinary police experience for an officer to testify that a Kleenex box lying near the victim's body "appeared to have been knocked off the dresser." Id. at 1231. Similarly, in this case, Officer McDonald testified that a gun lying on the floor "appeared dropped" because it was lying in a "crevice" in the ground. This clearly falls within the permissible range of lay observation and ordinary police experience. See Floyd, 569 So.2d at 1232; § 90.701, Fla. Stat. (2004). Therefore, defense counsel's performance cannot be deemed deficient for failing to object to this testimony.

Claim II
In claim II, Holland alleges that his trial counsel was ineffective for failing to object to ten comments made by the State during its guilt phase closing argument.[7] *759 The trial court found that the issues raised in this claim were refuted by the record. In support of this finding, the court adopted and incorporated by reference the reasoning from the State's 3.851 response. We affirm. Holland has failed to show that defense counsel's failure to object was deficient performance or that if defense counsel had objected and the objection had been sustained, there is a reasonable probability that the trial court would have declared a mistrial. See Strickland, 466 U.S. at 695, 104 S.Ct. 2052. Therefore, the trial court did not err in summarily denying this claim.

Claim IV
In claim IV, Holland alleges that the cumulative effect of defense counsel's failure to object to claims I and II and counsel's unauthorized concession of guilt in claim III deprived him of a fair trial. The trial court found this claim to be legally insufficient, agreeing with the State's reasoning that Holland's individual claims were either legally insufficient, procedurally barred, or without merit and, a fortiori, Holland has suffered no cumulative effect which rendered his counsel ineffective. See Harvey v. Dugger, 656 So.2d 1253, 1257 (Fla.1995) (noting that the cumulative effect of ineffective assistance of counsel claims only bears on the ultimate determination of the effectiveness of counsel if the claims are proven). The trial court properly summarily denied this claim as legally insufficient.

Claims V, VI, and VII
Holland alleges that the trial court improperly grouped claims V, VI, and VII together. We disagree. The trial court was correct in grouping these claims because they are all Ring[8] claims, or variants thereof. They allege that Holland's death sentence violated the Sixth, Eighth, and Fourteenth Amendments to the United States Constitution because (1) a judge, rather than a jury, determined the aggravating *760 factors, and (2) the aggravating factors were not pled in the indictment.
Furthermore, we affirm the trial court's finding that these claims were without merit. One of the aggravators is a prior violent felony conviction. The felonies on which this aggravator was based are included in the indictment, and the jury unanimously found Holland guilty of them. This Court has repeatedly upheld the constitutionality of Florida's capital sentencing when the prior violent felony aggravator was present. See Duest v. State, 855 So.2d 33, 49 (Fla.2003) ("We have previously rejected claims under Apprendi and Ring in cases involving the aggravating factor of a previous conviction of a felony involving violence."), cert. denied, 541 U.S. 993, 124 S.Ct. 2023, 158 L.Ed.2d 500 (2004). Moreover, we have recognized that Ring does not apply retroactively. Johnson v. State, 904 So.2d 400, 422 (Fla.2005).

PETITION FOR WRIT OF HABEAS CORPUS
Having affirmed the trial court's denial of Holland's 3.851 motion, we now consider Holland's petition for writ of habeas corpus. In his petition, Holland asserts four claims of ineffective assistance of appellate counsel. We reiterate that the core principle behind each of these claims is that "appellate counsel will not be considered ineffective for failing to raise issues that have little or no chance of success." Spencer v. State, 842 So.2d 52, 74 (Fla.2003). Applying the Strickland analysis to each of these claims leads to the conclusion that they are without merit.

1. FAILURE TO CHALLENGE TRIAL COURT ORDER
Holland argues that his appellate counsel was ineffective for not challenging the trial court's decision to preclude him from referencing internal police documents, which allegedly described incidences when Officer Winters used excessive force.[9] Holland contends that had evidence of Officer Winters' (alleged) habitual use of excessive force, poor judgment, and racial confrontation been revealed to Holland's jury, the evidence would have supported a finding that Officer Winters' excessive use of force precipitated the struggle. These internal police records were not admissible; therefore, appellate counsel cannot be deemed deficient for failing to raise this issue.
As a general rule, evidence of a victim's character is inadmissible to prove action in conformity with it on a particular occasion. § 90.404(1), Fla. Stat. (2004). However, when a claim of self-defense is raised, a defendant may introduce evidence of a victim's character to establish who the aggressor was, or that the defendant was apprehensive of the victim at the time of the homicide. Williams v. State, 252 So.2d 243, 246 (Fla. 4th DCA 1971). However, before a defendant may introduce evidence of the victim's character, he must first show that there was an "overt act by the [victim] at or about the time of the [incident] that reasonably indicated a need for [self-defense]." Quintana v. State, 452 So.2d 98, 100 (Fla. 1st DCA 1984) (quoting Williams, 252 So.2d at 247). Holland failed to establish this prerequisite. The trial record does not support his claim that Officer Winters committed an overt act that would have caused Holland *761 to act in self-defense. In fact, the record evidence of undisputed eyewitness testimony is that Officer Winters did not commit an overt act.
Regardless, even if Holland were able to show an overt act by Officer Winters, the police records would still be inadmissible. The internal affairs records only show prior, specific acts. Because there is no indication Holland was aware of these prior acts at the time of the homicide, these records were inadmissible. See Smith v. State, 606 So.2d 641, 643 (Fla. 1st DCA 1992) (recognizing that when character evidence is offered to prove the reasonableness of the defendant's apprehension, prior knowledge of the specific acts of violence is necessary).
Because the internal affairs records are inadmissible, Holland has failed to show deficient performance under Strickland. Even assuming that appellate counsel was deficient for not raising the issue on direct appeal, Holland would still not be able to establish prejudice under Strickland. Holland was convicted of attempting to commit a forcible felony.[10] Because the defense of self-defense is legally unavailable[11] to a person who is attempting to commit, committing, or escaping from the commission of a forcible felony, Holland was not prejudiced and this claim is without merit. See Marshall v. State, 604 So.2d 799, 803 (Fla.1992); § 776.041, Fla. Stat. (1989).

2. FAILURE TO CHALLENGE TRIAL COURT'S FINDING AFTER A NELSON[12] INQUIRY
Holland next argues that his appellate counsel was deficient for failing to raise the fact that his allegations during the Nelson inquiry were entirely unrefuted.[13] Therefore, Holland argues that the trial court's order following the inquiry was not supported by competent, substantial evidence, and appellate counsel was deficient for not raising this on appeal. We disagree. A review of the record reveals that the trial court's finding was well supported by competent, substantial evidence.
The trial court's duty in a Nelson inquiry is to "make a sufficient inquiry . . . to determine whether or not there is reasonable cause to believe that the court appointed counsel is not rendering effective assistance to the defendant." Nelson, 274 So.2d at 259. In Holland's case, the trial judge conducted an extensive inquiry into Holland's appointed counsel. The transcript of the Nelson inquiry covers almost 100 pages, and many of Holland's complaints were generalized grievances *762 without any reference to a specific fact or area of law. His allegations that the attorneys were untruthful were not substantiated, and his counsel testified to extensive preparation for trial and the potential penalty phase. His counsel also testified to Holland's lack of cooperation with the State's mental health witness, lack of cooperation with defense counsel concerning trial preparation, and his refusal to discuss any defenses until he was able to discuss with the court issues that were troubling him. The trial court's finding is supported by competent, substantial evidence. Therefore, we deny relief.

3. FAILURE TO CHALLENGE THE TRIAL COURT'S DENIAL OF A CAUSE CHALLENGE AND ADDITIONAL PEREMPTORY CHALLENGES
Holland also claims his appellate counsel was ineffective for failing to challenge the trial court's denial of a cause challenge to a juror based on the juror's racial prejudice and for denial of adequate peremptory challenges. We deny this argument because Holland has failed to establish that his counsel acted deficiently or that this deficiency prejudiced him.
Holland has failed to establish that his appellate counsel acted deficiently because the argument he claims counsel should have made is without merit. "It is well settled that the trial judge has discretion to grant or deny additional peremptory challenges." Parker v. State, 456 So.2d 436, 442 (Fla.1984); see Fla. R.Crim. P. 3.350(e). In Holland's case, the trial judge used his discretion to initially grant both sides twelve peremptory challenges  two more than the statutory requirement. He later granted each side two more peremptory challenges. The trial judge also dismissed the challenged venire member for cause. Therefore, not only is Holland unable to establish that the trial court abused its discretion, but he also is unable to point to any objectionable juror who served. He has not established error. See Trotter v. State, 576 So.2d 691, 693 (Fla.1990) (requiring a defendant to identify a specific juror who "actually sat on the jury and whom the defendant either challenged for cause or attempted to challenge peremptorily or otherwise objected to after his peremptory challenges had been exhausted"); see also Busby v. State, 894 So.2d 88, 96-97 (Fla.2004) (requiring a defendant to "show that an objectionable juror has served on the jury" before finding a defendant was prejudiced by the trial court's decision not to authorize an additional peremptory challenge), cert. denied, ___ U.S. ___, 125 S.Ct. 2976, 162 L.Ed.2d 906 (2005).

4. FAILURE TO ARGUE FUNDAMENTAL ERROR FOR UNEXPLAINED INCREASE IN ORIGINAL SENTENCE
Finally, Holland contends that appellate counsel was deficient for failing to raise or discuss an allegedly fundamental sentencing error. Holland claims that the trial court committed fundamental error by not stating its reasons for increasing Holland's original sentence for armed robbery from seventeen years to life upon reconviction for the same offense, other than the fact that the defendant was convicted of an unscorable capital felony. We find this argument to be without merit.
The United States Supreme Court has recognized that state courts must include their reasons for imposing a more severe sentence upon reconviction, but this does not automatically apply in every situation where the defendant receives a harsher sentence on retrial. North Carolina v. Pearce, 395 U.S. 711, 723-26, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) (holding that *763 the Fourteenth Amendment requires state courts to include in the record the reasons for imposing a more severe sentence upon reconviction); Texas v. McCullough, 475 U.S. 134, 138, 140, 106 S.Ct. 976, 89 L.Ed.2d 104 (1986) (recognizing that the Pearce presumption does not automatically apply in situations where different judges assigned the sentences). In cases like Holland's where the judge presiding over the retrial was not the same judge who presided over the original trial, the defendant bears the burden of proving the court acted with actual vindictiveness. Graham v. State, 681 So.2d 1178 (Fla. 2d DCA 1996). Holland has failed to make the requisite showing of vindictiveness. For these reasons, we find that Holland's fourth claim is also without merit.

CONCLUSION
For the reasons stated above, we affirm the lower court's denial of Holland's rule 3.851 motion and deny Holland's petition for a writ of habeas corpus.
It is so ordered.
PARIENTE, C.J., and WELLS, ANSTEAD, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.
NOTES
[1] These facts are taken from Holland v. State, 773 So.2d 1065, 1068 (Fla.2000).
[2] Holland raised the following twenty-two issues on direct appeal from his second trial: (1) the trial court erred in denying Holland the opportunity to represent himself; (2) the trial court improperly instructed the jury on the intent element of felony murder and attempted sexual battery; (3) the trial court abused its discretion in denying Holland's motion to exclude the testimony of the State's mental health experts; (4) the trial court erred in failing to disqualify the state attorney and the state attorney's office; (5) the trial court abused its discretion in denying Holland's motion to redepose certain witnesses; (6) the trial court abused its discretion in overruling Holland's objections to the admissibility of a videotape; (7) the trial court abused its discretion in denying Holland's motion to suppress his statements to the police; (8) the trial court abused its discretion in allowing the admission of Dr. Tate's prior testimony; (9) the trial court abused its discretion in denying Holland's motion for judgment of acquittal; (10) the trial court abused its discretion in denying Holland's objections to Dr. Martell's testimony; (11) the trial court erred in rejecting as nonstatutory mitigation that Holland had two prior adjudications of insanity in Washington, D.C.; (12) the record does not support the trial court's findings regarding Dr. Polley and Dr. Patterson's testimony and the mental mitigators; (13) the trial court erred in rejecting the "extreme mental or emotional disturbance" mitigator; (14) the trial court failed to consider certain nonstatutory mitigators; (15) the trial court abused its discretion in admitting Roger Durban's testimony that related to one of Holland's prior offenses for which he was found not guilty by reason of insanity; (16) the trial court improperly doubled the "murder in the course of a felony" and "prior violent felony" aggravators; (17) the trial court improperly instructed the jury on the "murder in the course of a felony" aggravator and the record does not support this aggravator; (18) the trial court abused its discretion in admitting victim-impact evidence; (19) the trial court applied a presumption that death was the appropriate penalty when it found the existence of one aggravator; (20) the "murder in the course of a felony" aggravator is unconstitutional; (21) the sentence of death is disproportionate; and (22) electrocution constitutes cruel and unusual punishment.
[3] Holland raised the following claims in his motion to vacate judgment and sentence pursuant to Florida Rules of Criminal Procedure 3.850 and 3.851: (I) that defense counsel was ineffective for failing to object to the testimony of the deputy who found the firearm the day after the incident that the firearm had been intentionally hidden; (II) that the State misstated the evidence, argued matters not in evidence, shifted the burden of proof, vouched for the credibility of State witnesses, expressed personal belief in Holland's guilt, ridiculed Holland and his defense, engaged in inflammatory argument, accused the defense of denigrating witnesses, and commented on Holland's postarrest silence, all without objection by defense counsel; (III) that Holland's guilt phase counsel was ineffective because he conceded Holland's guilt to attempted first-degree murder without his consent; (IV) that the cumulative effect of defense counsel's failure to object to the various alleged procedural errors listed in claim II rendered Holland's trial fundamentally unfair; (V), (VI), and (VII) that Holland's death sentence is unconstitutional because a judge determined the aggravating circumstances instead of a jury in violation of the Sixth, Eighth, and Fourteenth Amendments, Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), and Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); and (VIII) that Holland's penalty phase counsel was ineffective because he failed to properly investigate mitigation evidence concerning Holland's birth, childhood, and early adult life.
[4] Holland argues that we should consider this claim under the per se ineffectiveness standard of United States v. Cronic, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). He bases this argument on this Court's decision in Nixon v. State, 857 So.2d 172 (Fla.2003), rev'd, 543 U.S. 175, 125 S.Ct. 551, 160 L.Ed.2d 565 (2004), in which we held that Cronic, rather than Strickland, provided the standard for assessing ineffectiveness of counsel when a defendant's attorney concedes guilt to the crime charged without the defendant's express consent. See Nixon, 857 So.2d at 174. However, the United States Supreme Court recently reversed our decision in Nixon and stated that a defendant's ineffective assistance of counsel challenge based upon counsel's concession of guilt, even without the defendant's consent, must be evaluated under the standard set forth in Strickland. See Florida v. Nixon, 543 U.S. 175, 125 S.Ct. 551, 160 L.Ed.2d 565 (2004). Thus, Holland must show that the concession of guilt was deficient performance and that he was prejudiced by it. Id., 125 S.Ct. at 561-62.
[5] Holland's father had assured counsel that three additional family members were coming to testify at the penalty phase. Counsel never expected a problem and was surprised when Mr. Holland, Sr. explained that no other family members were available or desirous of coming to the trial. Counsel's repeated efforts to contact them were unfruitful. Counsel declined the State's offer to have the sister's testimony from the first trial read into the record because it would be of no value as she had not seen her brother in a number of years and really knew nothing about him. He also believed that testimony of the other siblings would be of no value because none of them had contact with Holland throughout the years.
[6] The trial court's reasons vary for summarily denying these claims. These reasons include that the claim was refuted by the record, procedurally barred to the extent it was not raised on direct appeal, or was legally insufficient.
[7] The comments are as follows: (1) that the State Attorney twice misstated the evidence during his closing argument. In the first instance, the record is clear that he misstated Officer Winters as saying: "I've been shot. He's got my gun." The record shows that Officer Winters did not say that "He's got my gun"; (2) In the second instance, Holland alleges that the State Attorney misstated expert testimony concerning schizophrenia and insanity but failed to identify which expert's testimony differed from the statement and how it differed; (3) that the State Attorney argued matters not in evidence when he analogized Holland's actions to avoid detection with those of a little kid who, after breaking a window, runs, hides, and lies about it when caught; (4) that the State Attorney expressed his personal belief in the defendant's guilt when he stated, "The reason the robbery is in the indictment is because the robbery occurred; he took the gun away by force, violence, and assault"; (5) that the State Attorney improperly shifted the burden of proof regarding insanity when he stated in his closing argument, "There has been no person to ever say in this courtroom or anyone that testified that the defendant . . . didn't know the difference or the consequences of his actions, except for Doctor Love"; (6) that the State improperly attacked and ridiculed the defendant and disparaged his defenses; (7) that the State's comment "[a]nd it's really interesting that Mr. Lewis denigrates all the witnesses who came in here" criticized Holland for exercising his constitutional right to confront the witnesses against him; (8) that the State's comments "He forced his penis in Thelma Johnson's mouth and then he beat her mercilessly[;] He beat her savagely[;] He beat her brutally[;] . . . You saw the pictures of Thelma Johnson  Unbelievable"; "He beats her seriously, savagely" was impermissible inflammatory argument; (9) that the State vouched for the credibility of its eyewitness, Abraham Bell, by stating that his testimony was "almost like a videotape." Holland also alleges that the State vouched for the credibility of police and other witnesses when it stated "You haven't heard anything other than Pompano [police] or anyone else being fair in the presentation of the case"; (10) that the State commented on Holland's postarrest silence by stating: "But remember on the tape, Detective Butler said, well, was it a fight. . . . He didn't say anything about the beating of Thelma [Johnson], but he did make up an excuse of the shooting [of] Officer Winters."
[8] Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002).
[9] The State filed a pretrial motion in limine requesting that the trial court preclude Holland from referencing these reports, and the trial court granted the motion. The court stated that such internal affairs investigations, even if they touched upon the excessive use of force, were not probative of Officer Winters' conduct in the current instance.
[10] As previously noted, Holland was convicted of first-degree murder, armed robbery, attempted sexual battery, and attempted first-degree murder. Section 776.08, Florida Statutes (1989), specifically defines "forcible felony" to include both robbery and sexual battery.
[11] The trial court gave the jury instruction on the forcible felony exception to self-defense. It instructed the jury that the defense of self-defense was not legally available if "Holland was attempting to commit, committing or escaping from the commission after a robbery [or] sexual battery."
[12] Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973).
[13] During the Nelson inquiry, Holland sought to discharge trial counsel and obtain substitute counsel. He testified that his appointed trial counsel lied to him about the facts of the case; lied to the trial court about having visited him in jail, calling his father, providing him with copies of depositions, and investigating the case; and were unequivocally incompetent because they failed to go to the crime scene or utilize the evidence he had given them that would have proven his innocence.