917 So.2d 958 (2005)
Pedro RODRIGUEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D04-1277.
District Court of Appeal of Florida, Third District.
December 21, 2005.
*959 Bennett H. Brummer, Public Defender and Robert Godfrey, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General and Jennifer Falcone Moore, Assistant Attorney General, for appellee.
Before GREEN and SUAREZ, JJ., and SCHWARTZ, Senior Judge.
SCHWARTZ, Senior Judge.
This is an appeal from an order resentencing the appellant pursuant to a motion to correct an illegal sentence.
Defendant was convicted of and sentenced to concurrent sentences of life with a twenty-five year minimum mandatory sentence on count I for first degree murder; life terms on counts II-IV for attempted first degree murder; life on count V for armed robbery; thirty years with a fifteen-year minimum mandatory on count VI for conspiracy to traffic in cocaine; and life with a fifteen-year minimum mandatory on count VII for armed trafficking. This court affirmed. Rodriguez v. State, 591 So.2d 308 (Fla. 3d DCA 1991), review denied, 601 So.2d 553 (Fla.1992).
Defendant subsequently filed a Rule 3.800(a) motion to correct the judgment to indicate that counts II-IV, VI, VII were first degree rather than life felonies, and to resentence him to no more than the statutory maximum of 30 years for first degree felony offenses. At the hearing on defendant's motion, the court agreed to reclassify the counts at issue and resentenced defendant, in pertinent part, to 30 years on counts II-IV, VI, and VII. No one complains about this ruling. The defendant does challenge, however, the fact that the court also ordered counts I through VII to run consecutively. We agree with his position.

I.
First, there is no dispute that the trial court properly granted the motion by reclassifying counts II through IV, VI, and VII as first degree felonies and correcting defendant's sentences accordingly. See State v. Rodriguez, 602 So.2d 1270 (Fla.1992). A scrivener's error in the judgment that refers to the crimes respectively involved in counts II through IV, VI, and VII as life felonies should be similarly amended to designate them as first degree felonies.

*960 II.
Turning to the point now in issue, we find no lawful basis for, in effect, penalizing the defendant for correctly filing the Rule 3.800(a) motion, by increasing his sentences to run consecutively rather than concurrently as originally provided. As stated in Weekley v. State, 584 So.2d 78, 81 (Fla. 3d DCA 1991):
The imposition of a harsher sentence after a defendant has successfully attacked a conviction or sentence on appeal gives rise to a presumption of vindictiveness which may be overcome only by identification of information in the record which justifies the increased sentence. United States v. Goodwin, 457 U.S. 368, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982); North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), overruled, in part, on other grounds, Alabama v. Smith, 490 U.S. 794, 799-803, 109 S.Ct. 2201, 2205-07, 104 L.Ed.2d 865 (1989); Wemett v. State, 567 So.2d 882 (Fla.1990); Blackshear v. State, 531 So.2d 956 (Fla.1988). In the instant case, the sentences imposed upon remand are consecutive and, thus, are harsher than the original oral sentence of life with concurrent term of year sentences. The trial judge failed to overcome the presumption of vindictiveness since the judge during resentencing solely relied on evidence adduced at the earlier trial and not on any conduct on the part of the defendant occurring after the original sentencing. See Goodwin, 457 U.S. at 368, 102 S.Ct. at 2486; Pearce, 395 U.S. at 711, 89 S.Ct. at 2072; Wemett, 567 So.2d at 882; Blackshear, 531 So.2d at 956. Therefore, we conclude that the trial court violated the defendant's due process rights, and reverse his sentence. For the aforementioned reasons, we reverse the sentence imposed and remand for resentencing in accordance with the trial court's original sentencing goal of concurrent sentences.
See North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); Everett v. State, 824 So.2d 211 (Fla. 1st DCA 2002); Kopko v. State, 709 So.2d 159 (Fla. 5th DCA 1998); Gaither v. State, 614 So.2d 29 (Fla. 2d DCA 1993); Alfonso v. State, 561 So.2d 1207 (Fla. 3d DCA 1990), review denied, 576 So.2d 284 (Fla.1990); see also Blackshear v. State, 531 So.2d 956 (Fla.1988); Herring v. State, 411 So.2d 966 (Fla. 3d DCA 1982). Thus, the order on review shall be further corrected to provide for the sentences to be served concurrently.
We do not feel bound by apparently contrary language in Price v. State, 838 So.2d 587 (Fla. 3d DCA 2003), in which the Pearce line of cases, which controls this issue, was not cited to the Court. The language that "on resentencing the trial court may instead choose to impose a statutorily prescribed harsher sentence, if it so chooses," Price, 838 So.2d at 588, is properly viewed as applying only if some additional factor, which is not present in this case, would justify an increased sentence after correction. See Texas v. McCullough, 475 U.S. 134, 106 S.Ct. 976, 89 L.Ed.2d 104 (1986); cf. Richardson v. State, 821 So.2d 428 (Fla. 5th DCA 2002). That this is the proper resolution of the problem is shown by the fact that it has been consistently applied in cases decided both before and after Price. See Sands v. State, 899 So.2d 1208 (Fla. 5th DCA 2005); James v. State, 868 So.2d 1242 (Fla. 4th DCA 2004).
The state cites several cases which indicate that the Pearce-vindictive sentencing principle does not apply when, as here, two different trial judges are involved. E.g., Holland v. State, 916 So.2d 750 (Fla.2005); Bowen v. State, 868 So.2d 541, 546 (Fla. 2d DCA 2003); Richardson, 821 *961 So.2d at 430; Graham v. State, 681 So.2d 1178 (Fla. 2d DCA 1996); Harris v. State, 653 So.2d 402, 404 (Fla. 4th DCA 1995), review denied, 662 So.2d 342 (Fla.1995), cert. denied, 516 U.S. 1082, 116 S.Ct. 796, 133 L.Ed.2d 744 (1996); cf. Carter v. State, 791 So.2d 568, 572 (Fla. 3d DCA 2001), review denied, 817 So.2d 845 (Fla.2002). That fact does not matter, however, when the only reason for resentencing at all is to correct and reduce aspects of a previous sentence which in all other respects was appropriate. See Macomber v. Hannigan, 15 F.3d 155, 156 (10th Cir.1994)("when a different judge imposes a more severe sentence than the sentence imposed in the initial trial and the judge provides an `on-the-record, wholly logical, nonvindictive reason for the [harsher] sentence,' the Pearce presumption of vindictiveness does not apply")(emphasis added) (citation omitted); Sands, 899 So.2d at 1211; James, 868 So.2d at 1246. In fact, different judges were involved in previous cases involving this very issue. See Kopko, 709 So.2d at 159; Gaither, 614 So.2d at 29; Weekley, 584 So.2d at 78; Alfonso, 561 So.2d at 1207; see also Kramer v. State, 868 So.2d 1246, 1249 (Fla. 4th DCA 2004)(increased sentence imposed on remand may exceed original sentence if based on factors which justify harsher sentence; "the question is not whether successor judge is acting vindictively, but rather whether the sentence imposed gives the appearance of vindictiveness"); Van Loan v. State, 779 So.2d 497, 500 (Fla. 2d DCA 2000), review denied, 791 So.2d 1103 (Fla.2001).
We note also that while Herring may suggest that when a sentence on one count is reduced on appeal, sentences on the others may, within lawful limits, be increased to reflect a total sentence corresponding to the trial court's original intent, Herring, 411 So.2d at 968, we discern no intent on the part of the first sentencer in this case to do anything more than impose one "composite" life sentence upon the defendant. We effect that intent and, more importantly, apply the due process principles of Pearce by eliminating the necessarily prejudicial and unjustified consecutive aspect of the new sentences now before us. See Herring.
The sentences on appeal are accordingly affirmed in part, and amended in part, and the cause is remanded for resentencing.[1]
NOTES
[1] Defendant need not be present.