DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**EDWARD AUSTIN,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D16-1524

[February 28, 2018]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Joel T. Lazarus, Judge; L.T. Case No. 00-11925CF10A.

David W. Collins of Collins Law Firm, Monticello, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Allen R. Geesey, Assistant Attorney General, West Palm Beach, for appellee.

LEVINE, J.

The trial court originally imposed a concurrent life sentence but then imposed a consecutive life sentence on resentencing. The issue is whether the sentence is vindictive. We find the sentence is vindictive because the reasons for the more severe sentence did not affirmatively appear in the record and were not based on appellant's conduct occurring after the original sentencing proceeding. We reverse and remand for resentencing before a different judge.

In 2001, the court sentenced appellant as a prison releasee reoffender to life in prison for burglary with a battery to run concurrently with his life sentence in a 1992 case. Appellant filed a rule 3.800 motion to correct illegal sentence, arguing it was improper to sentence him as a prison releasee reoffender because burglary of a dwelling with a battery does not qualify as a forcible felony. The court granted the motion to correct illegal sentence. The state then filed a notice to declare appellant a habitual felony offender.

During resentencing before the original sentencing judge, defense counsel informed the court that the scoresheet was incorrect and should

be ten points higher. Defense counsel also informed the court that appellant would be parole eligible in the 1992 case after serving an additional seven years, for a total of twenty-two years. According to defense counsel, during the original sentencing everyone was under the impression that appellant would never have an opportunity to be released. Defense counsel requested a sentence of twenty-two or thirty years.

The trial court stated that it would not trust appellant in the community if he got out early. The court then sentenced appellant as a habitual felony offender to life imprisonment consecutive to his sentence in the 1992 case. Appellant appealed.

During the pendency of his appeal, appellant filed a motion to correct sentence and an amended motion to correct sentencing error. Appellant argued that the increased length of his sentence from two concurrent life sentences to two consecutive life sentences was vindictive in violation of *North Carolina v. Pearce*, 395 U.S. 711 (1969). Appellant argued that his sentence should be changed to run concurrently. The trial court did not rule on the motion within sixty days, and therefore it is deemed denied. *See* Fla. R. Crim. P. 3.800(b)(2)(B).

On appeal, appellant argues that the trial court imposed an unconstitutionally vindictive sentence by imposing a consecutive life sentence without pronouncing reasons justifying the more severe sentence. The state responds that additional information presented at resentencing rebutted any suggestion of vindictiveness and that a consecutive life sentence was necessary to effectuate the court's original intent.

"Whether the trial court imposed a vindictive sentence is a question of law which this court reviews de novo." *Pierre v. State*, 114 So. 3d 319, 324 (Fla. 4th DCA 2013).

Both the United States and Florida Constitutions declare that governments cannot deprive any person of life, liberty, or property without due process of law. U.S. Const. amends. V, XIV; Fla. Const. art. I, § 9. In *Pearce*, the United States Supreme Court stated that "[d]ue process of law . . . requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial." 395 U.S. at 725. Thus, to assure the absence of retaliatory motivation, "whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear." *Id.* at 726. Further,

2

[t]hose reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal.

*Id.*

The *Pearce* requirements "do not apply in every case where a convicted defendant receives a higher sentence on retrial." *Alabama v. Smith*, 490 U.S. 794, 799 (1989) (alteration omitted) (quoting *Texas v. McCullough*, 475 U.S. 134, 138 (1986)). *Pearce* is limited to circumstances "in which there is a 'reasonable likelihood' that the increase in sentence is the product of actual vindictiveness on the part of the sentencing authority. Where there is no such reasonable likelihood, the burden remains upon the defendant to prove actual vindictiveness." *Id.* (quoting *United States v. Goodwin*, 457 U.S. 368, 373 (1982)). The *Pearce* presumption of vindictiveness has been applied "when the same trial judge imposes a harsher sentence after the defendant successfully attacks the original sentence." *Graham v. State*, 681 So. 2d 1178, 1178 (Fla. 2d DCA 1996); *see also Sands v. State*, 899 So. 2d 1208, 1211 (Fla. 5th DCA 2005).

*Rodriguez v. State*, 917 So. 2d 958 (Fla. 3d DCA 2005), is on point. In *Rodriguez*, the trial court sentenced the defendant to concurrent life sentences for murder, attempted murder, armed robbery, and armed trafficking as well as a concurrent thirty-year sentence for conspiracy to traffic cocaine. The defendant filed a rule 3.800(a) motion, arguing that attempted murder, armed trafficking, and conspiracy to traffic cocaine were first-degree felonies subject to a maximum of thirty years. The trial court granted the motion, and resentenced the defendant to consecutive life sentences for murder and armed robbery and consecutive thirty-year sentences for the remaining counts. The Third District held that the presumption of vindictiveness applied and that consecutive sentences were not justified as a reflection of the original court's intent. *Id.* at 961.

Similarly, in *Gilliam v. State*, 582 So. 2d 610 (Fla. 1991), the defendant was sentenced to death and a concurrent life sentence. After retrial, the court again imposed the death penalty but sentenced appellant to a consecutive life sentence without providing any reason for the more severe sentence. Citing *Pearce,* the Florida Supreme Court reversed and remanded for imposition of a concurrent sentence. *Id.* at 612 -13; *see also Richardson v. State*, 821 So. 2d 428, 431 (Fla. 5th DCA 2002) (finding

3

*Pearce* vindictiveness presumption applied where court imposed harsher sentence after a successful 3.800 motion without any "independent legal basis or identifiable conduct on [the defendant's] part . . . to justify the harsher sentence").

In the instant case, as in *Rodriguez, Gilliam,* and *Richardson,* the new sentence of a consecutive life term constituted "a more severe sentence" than the original sentence of a concurrent life term. *See Pearce,* 395 U.S. at 726; *Rodriguez,* 917 So. 2d at 960. Therefore, the *Pearce* presumption of vindictiveness applies because the judge imposed a harsher sentence after appellant successfully attacked his original sentence. Additionally, the judge did not give any reason for the more severe sentence, nor did anything in the record justify the increased sentence.

The state claims that additional information presented at resentencing was sufficient to rebut any allegation of vindictiveness in resentencing. In support, the state notes its intent to declare appellant a habitual felony offender, the ten-point scoresheet error, the mistaken impression that appellant would never have an opportunity to be released for the 1992 case, and appellant's participation in substance abuse programs. None of this, however, constitutes "objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding." *Pearce,* 395 U.S. at 726. Nor was any of this information identified by the court as a basis for its harsher sentence. *See Parker v. State,* 977 So. 2d 671, 672 (Fla. 4th DCA 2008) ("[A] trial court imposing a more severe sentence at resentencing was required to make the reasons for the more severe sentence affirmatively appear in the record.") (citing *Pearce,* 395 U.S. at 726).

The state also claims that by imposing a consecutive life sentence, the trial court was attempting to effectuate the original intent of the court. However, a consecutive life sentence was not necessary to achieve the original court's intent. Because the sentence in the instant case was not subject to parole, a concurrent life sentence would have achieved the original intent of ensuring appellant is never released from prison.

In sum, the *Pearce* presumption of vindictiveness applies because the court imposed a harsher sentence after appellant successfully attacked his original sentence, and nothing in the record justified the increased sentence. As such, we reverse and remand for resentencing by a different judge. *See Wilson v. State,* 845 So. 2d 142, 159 (Fla. 2003) (concluding that in cases where an unrebutted presumption of judicial vindictiveness arises, the appropriate remedy is resentencing before a different judge).

*Reversed and remanded for resentencing.*

C<small>IKLIN</small> and K<small>LINGENSMITH</small>, JJ., concur.

\*  \*  \*

**Not final until disposition of timely filed motion for rehearing.**