PER CURIAM.
Defendant was convicted of three counts of sale of cocaine within 1,000 feet of a school and received a greater sentence than he had received under an earlier plea of no contest, which was vacated when he alleged it was not voluntary. Defendant argues that under North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), it was a denial of due process for him to have been given a greater sentence after being convicted, than the earlier sentence which was vacated. We affirm.
In Pearce the United States Supreme Court held that where a defendant obtained an appellate reversal of his first conviction, and was retried and convicted again, a harsher sentence than the one the same judge had imposed for the first conviction created a “presumption of vindictiveness” which could be overcome by information in the record which would warrant a higher *1137 sentence. After Pearce, however, the Court whittled down the circumstances in which the presumption of vindictiveness would exist, which have been succinctly summarized by the Florida Supreme Court in Wemett v. State, 567 So.2d 882 (Fla.1990).
There are several reasons why the presumption of vindictiveness does not apply in the present case. First, the judge who imposed the first sentence based on the plea was not the judge who tried the case and imposed the sentence which is the subject of this appeal. Second, the defendant did not obtain a reversal by an appellate court of the earlier conviction, but rather got a plea vacated by motion in the trial court. Third, a presentence investigation after the trial revealed unfavorable information about the defendant, which was unknown to the judge imposing the first sentence. Wemett, 567 So.2d at 884-85.
Affirmed.
GLICKSTEIN, C.J., KLEIN, J., and WALDEN, JAMES H., Senior Judge, concur.