638 So.2d 169 (1994)
Willie George THOMAS, Appellant,
v.
STATE of Florida, Appellee.
No. 93-2388.
District Court of Appeal of Florida, First District.
June 14, 1994.
*170 Nancy A. Daniels, Public Defender, P Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Edward C. Hill, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
WEBSTER, Judge.
In this direct criminal appeal, appellant challenges a 50-year habitual felony offender sentence imposed after the trial court granted his motion for post-conviction relief and vacated a 40-year habitual violent felony offender sentence, subject to a 15-year mandatory-minimum term, earlier imposed. Appellant argues that the new sentence is unconstitutional because it penalizes him for attacking his original, illegal, sentence, citing North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). We disagree and, accordingly, affirm.
After a jury trial, appellant was convicted of attempted second-degree murder with a firearm, and sentenced as an habitual violent felony offender to 40 years in prison, subject to a mandatory-minimum term of 15 years. On direct appeal, this court affirmed, without opinion. Thomas v. State, 600 So.2d 1109 (Fla. 1st DCA 1992).
Early in 1993, the supreme court decided State v. Johnson, 616 So.2d 1 (Fla. 1993), in which it held that the amendments to the habitual felony offender statute contained in chapter 89-280, Laws of Florida, violated the Florida Constitution. Shortly thereafter, appellant filed in the trial court a motion challenging his habitual violent felony offender sentence as illegal because, under the version of the habitual felony offender statute in effect prior to the passage of chapter 89-280, he did not qualify as an habitual violent felony offender. The state apparently agreed, because it filed a notice of its intent to seek resentencing as an habitual felony offender. After a hearing, the trial court resentenced appellant, as an habitual felony offender, to 50 years in prison. No mandatory-minimum sentence was imposed.
On appeal, appellant challenges neither the trial court's finding that he qualified as an habitual felony offender, nor its decision to treat him as an habitual felony offender. Appellant's sole argument is that "increasing" his original 40-year habitual violent felony offender sentence, subject to a 15-year mandatory-minimum term, to a sentence of 50 years as an habitual felony offender "is blatantly illegal, because it penalized [him] for attacking his original illegal sentence, within the meaning of North Carolina v. Pearce, 395 U.S. 711 [89 S.Ct. 2072, 23 L.Ed.2d 656] (1969)." For the reasons that follow, we disagree.
In North Carolina v. Pearce, the Court held that due process of law required that vindictiveness play no part in resentencing after a defendant had successfully attacked his first conviction or sentence. To ensure that vindictiveness would not play a role, the Court held, further, that, if a more severe sentence was imposed at resentencing, the reasons for such a sentence must affirmatively appear on the record. Otherwise, a presumption would arise that the more severe sentence had been imposed for a vindictive purpose. As subsequent decisions have *171 made clear, "vindictiveness of a sentencing judge is the evil the Court sought to prevent rather than simply enlarged sentences... . The Pearce requirements thus do not apply in every case where a convicted defendant receives a higher sentence... ." Texas v. McCullough, 475 U.S. 134, 138, 106 S.Ct. 976, 978, 89 L.Ed.2d 104, 110 (1986). Accord Alabama v. Smith, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989). Thus, it is clear that, before Pearce can have any application to appellant's case, appellant must establish both that his new sentence is more severe than his original sentence, and that it was imposed for a vindictive purpose.
As appellant correctly concedes, it is clear from the record that the intent of both the state and the trial court was that appellant would serve the same time in prison under the new sentence that he would have served under the original sentence. The trial court expressed its understanding that, pursuant to the original sentence, appellant would have been required to serve the 15-year mandatory-minimum term, after which he would have been required to serve 60 percent of the remaining 25 years (or 15 years), resulting in a total term of 30 years. Pursuant to the new sentence, which included no mandatory-minimum term, the trial court understood that appellant would be required to serve 60 percent of the 50 years imposed, or 30 years. Therefore, the new sentence would not result in a longer period of incarceration than the original sentence would have. Neither in the trial court nor on appeal has appellant attempted to demonstrate that the new sentence is, in fact, more severe than the original sentence. Instead, he argues merely that 50 years is a greater number of years than is 40. This simplistic analysis ignores the impact on the original sentence of the mandatory-minimum term imposed. Moreover, the opinion in Wemett v. State, 567 So.2d 882 (Fla. 1990), upon which appellant principally relies is readily distinguishable.
In Wemett, the appellant had originally been sentenced for four offenses to a total of 260 years in prison. The sentences were eventually vacated. On remand, Wemett elected to be resentenced under the sentencing guidelines, which had, in the interim, become effective. The trial court departed from the guidelines, sentencing Wemett to two concurrent life terms, plus consecutive 5 and 15-year terms, and Wemett appealed. On appeal, "[t]he state argue[d] that the two sentences [were] roughly equivalent because each was the harshest lawful sentence allowed under the respective sentencing schemes, and ... both were designed to achieve a single purpose  to keep Wemett in jail for the rest of his life." Id. at 883. A majority of the court rejected the state's argument, concluding that the two sentences were "not functionally equivalent." Id. at 884. Rather, the second sentence was harsher because, under the first sentence Wemett would have been eligible for gain time and parole; whereas, under the second sentence, he was not eligible for either. Id. A plurality of the court (two members) concluded, further, that a presumption of vindictiveness arose because "the second sentencing was performed by the same judge whose error in the first sentencing prompted the resentencing" (id. at 885); that the harsher sentence was not supported by reasons affirmatively appearing on the record (id. at 886); and that, therefore, the second sentence was prohibited by Pearce. While a majority agreed that appellant was entitled to be resentenced because the trial court's reason for departing from the guidelines had been improper, a majority also believed that Pearce had not been violated because a likelihood of vindictiveness had not been established.
Unlike the situation in Wemett, in this case there is nothing to suggest that appellant's new sentence will, in fact, require him to serve a longer term in prison than his original sentence would have. On the contrary, the record in this case clearly establishes that the trial court attempted to impose an equivalent sentence, taking into account the realities of the present system. Moreover, in this case there is no suggestion of any vindictive motive behind the new sentence. The judge who imposed that sentence correctly recognized his obligation to vacate the original sentence; was not the judge who had imposed the original sentence; and, as appellant concedes, imposed the new sentence intending that the time actually served by appellant *172 be equivalent to that he would have served under the original sentence.
Based upon the record, we conclude that appellant has failed to establish that the new sentence is more severe than was the original; that there is any basis for applying a presumption of vindictiveness; or that the new sentence was, in fact, motivated in any way by vindictiveness. See, e.g., Texas v. McCullough, 475 U.S. at 138-39, 106 S.Ct. at 979, 89 L.Ed.2d at 111; Trasti v. State, 487 So.2d 428 (Fla. 5th DCA 1986). Accordingly, we affirm.
AFFIRMED.
ALLEN and LAWRENCE, JJ., concur.