821 So.2d 428 (2002)
Johnny RICHARDSON, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-1026.
District Court of Appeal of Florida, Fifth District.
July 19, 2002.
*429 James B. Gibson, Public Defender, and Jane C. Almy-Loewinger, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Lori N. Hagan, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, R.B., J.
Johnny Richardson appeals his sentences, arguing that the trial court erred by denying his motion to withdraw his pleas and that the sentences imposed were vindictive. We affirm in part, reverse in part, and remand for further proceedings.
In 1990, Richardson was charged with three felonies, and after entering no contest pleas, was sentenced to concurrent terms of ten years in prison followed by five years of probation. In 1992, Richardson was charged with an additional felony, and after pleading no contest, was sentenced to twelve years in prison followed by three years probation to run concurrent with his 1990 sentences. After being released from prison, Richardson violated his probation. At his violation hearing, Judge R. James Stroker, the trial judge then assigned to Richardson's cases, accepted Richardson's admission to the probation violations and, pursuant to a plea agreement with the State, indicated his intention to sentence Richardson to an additional two and one-half years in prison after consideration of Richardson's accrued credit for time served and good and gain time. To effectuate that intention, Judge Stroker sentenced Richardson to an aggregate of fourteen and one-half years in prison with credit for twelve years, and one hundred sixty-five days. However, Judge Stroker's sentencing plan was foiled when the Department of Corrections (DOC) forfeited Richardson's good and gain time when he returned to prison.
Richardson then filed a motion for post-conviction relief pursuant to Florida Rule Criminal Procedure 3.850, alleging that on the advice of counsel, he accepted the plea agreement based on the representation that he would only serve an additional two and one-half years in prison. However, because DOC forfeited his good and gain time, he was being required to serve an *430 additional five years. After an evidentiary hearing, Richardson's 3.850 motion was granted and he was allowed to withdraw his plea. Thereafter, at a new hearing before Judge Stroker, Richardson again admitted violating his probation and entered open pleas before the court.
Before sentencing occurred, Richardson, now represented by a new attorney, filed a motion to withdraw his admission to the violations of probation. Richardson's motion asserted that he was not advised that he could be committed under section 916.31, Florida Statutes (1999) (the "Jimmy Ryce Act"),[1] after his prison term expired. After an evidentiary hearing, the trial court denied Richardson's motion based primarily on the testimony of Richardson's prior attorney that Richardson was fully advised regarding the potential for a Jimmy Ryce commitment. We find no abuse of discretion in that ruling. See Davis v. State, 783 So.2d 288 (Fla. 5th DCA 2001).
By the time of sentencing, Richardson's cases had been reassigned to Judge Lawrence R. Kirkwood. After considering the presentence investigation, Richardson's prior criminal history, and the testimony offered at the sentencing hearing, Judge Kirkwood imposed concurrent sentences of twenty-two and twenty-seven years in prison, with credit for time served.
On appeal, Richardson contends that the sentences imposed by Judge Kirkwood were vindictive in violation of North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). We disagree. Contrary to Richardson's contentions, the record clearly indicates that Richardson entered open pleas to the court. In Wood v. State, 582 So.2d 751 (Fla. 5th DCA 1991), we held that the presumption of vindictiveness discussed in Pearce arises only when there is a reasonable likelihood of vindictiveness on the trial court's part. Id. at 753-54. Although the sentences imposed were at the top of the applicable guidelines, we find no presumption of vindictiveness at this sentencing.
The presumption of vindictiveness does not arise here, in part, because the judge who imposed the first sentence was not the judge who imposed the second sentence. Wemett v. State, 567 So.2d 882, 886 (Fla.1990). Since there is no presumption of vindictiveness, the burden of proving actual vindictiveness is on Richardson. Because he presents nothing to demonstrate that the second trial judge was vindictive in imposing a harsher sentence, he has failed to meet this burden. See Alabama v. Smith, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989); Knowles v. State, 617 So.2d 1136 (Fla. 4th DCA 1993). Richardson's resentencing was de novo. St. Lawrence v. State, 785 So.2d 728 (Fla. 5th DCA 2001). Once the original conviction had, at Richardson's behest, been nullified, the slate was wiped clean. Pearce 395 U.S. at 721, 89 S.Ct. 2072. Absent vindictiveness, the trial judge was free to impose any lawful sentence.
But Richardson's saga does not end there. After resentencing, Richardson's attorney filed a timely motion to correct sentence pursuant to Florida Rule Criminal Procedure 3.800(b)(2), asserting that under the applicable guidelines and sentencing laws in effect at the time, Richardson could receive no more than fifteen years in prison on each case, even though his guideline ranges were twenty-two and twenty-seven years respectively. The court granted Richardson's motion, and, then, without explanation, resentenced *431 Richardson to fifteen years in prison on each case to run consecutively. Richardson argues that his final sentence was improper in that the court, having originally sentenced Richardson to concurrent terms could not, on resentencing, impose consecutive terms. Richardson further asserts that such sentence was vindictive in that it increased his aggregate sentence from twenty-seven years to thirty years without explanation.
We disagree with Richardson as to the first point. "A trial court can legally restructure a defendant's sentences by changing concurrent terms to consecutive terms, as long as the new sentence is not found to be vindictive." Buchanan v. State, 781 So.2d 449, 450 (Fla. 5th DCA 2001). However, we find merit in Richardson's contention that increasing his sentence from an aggregate of twenty-seven years to thirty years in prison was vindictive. The Pearce presumption of vindictiveness does not apply in every case where a convicted defendant receives a higher sentence. Texas v. McCullough, 475 U.S. 134, 138, 106 S.Ct. 976, 89 L.Ed.2d 104 (1986). However, in the instant case, there was no independent legal basis or identifiable conduct on Richardson's part, other than the filing of a legally meritorious 3.800 motion, which occurred after the imposition of the twenty-seven year sentence to justify the harsher sentence. See Kopko v. State, 709 So.2d 159 (Fla. 5th DCA 1998). Given that his last two sentencing hearings were conducted by the same judge with the same information available to him, we find the Pearce presumption of vindictiveness applicable.
Based on the foregoing, we affirm the denial of Richardson's motion to withdraw his pleas, affirm the trial court's imposition of consecutive sentences, but vacate the consecutive fifteen-year sentences and remand this matter for resentencing to an aggregate sentence not to exceed twenty-seven years reduced by any applicable credits.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
COBB and HARRIS, JJ., concur.
NOTES
[1] The "Jimmy Ryce Act" has since been amended and renumbered by the Legislature. Ch. 99-222, Laws of Fla. It is now found in sections 394.910 to 394.931, Florida Statutes.