921 So.2d 812 (2006)
Ernest Lee PARKER, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-3510.
District Court of Appeal of Florida, Fourth District.
March 1, 2006.
Ernest Lee Parker, Crestview, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
The defendant appeals an order summarily denying his motion for postconviction relief, filed pursuant to rule 3.850, Florida Rules of Criminal Procedure. We reverse only as to the fifteenth ground of his sixteen-ground motion and affirm in all other respects without discussion.
Defendant was charged with five counts, all occurring on May 7, 2000, the first of which was attempted first degree murder with a firearm. The information charged him with doing "an act toward the commission of such offense by shooting" the victim, Rebecca Darmer Sharpe. The victim testified that the defendant shot her. The defendant testified that he got into an argument with the victim and the gun accidentally went off when she was trying to grab it from him. The jury found him guilty of the lesser included offense of "Attempted 2nd Degree Murder With a Firearm (as to Rebecca Darmer Sharpe) a lesser included offense." With respect to this count, the court sentenced the defendant to the minimum mandatory term of twenty-five years in prison, followed by fifteen years of probation. This court affirmed his conviction. State v. Parker, 812 So.2d 495 (Fla. 4th DCA 2002).
In ground fifteen of his motion, the defendant challenged his twenty-five year mandatory minimum sentence for discharging a firearm, imposed pursuant to section 775.087(2)(a)3, Florida Statutes (2000). That section provides for enhanced sentencing of a person convicted of attempted murder, who discharges a firearm resulting in death or great bodily harm. The defendant argued that the lack of a jury finding that he discharged a firearm, prevented the trial court from enhancing his sentence. See Apprendi v. *813 New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The defendant also cited Muldrow v. State, 842 So.2d 240 (Fla. 2d DCA 2003). In Muldrow, the second district reversed a twenty-year mandatory minimum, recognizing that a jury finding of possession of a firearm did not equate to a finding that the firearm had been discharged.
The State responded that Apprendi and Blakely[1] were not retroactive and did not apply to the defendant's sentence. Apparently, the trial court agreed with the state and denied the motion. However, both the state and the trial court failed to note that Apprendi was decided prior to the defendant's trial, thereby making retroactivity a non-issue.
In fact, even prior to Apprendi, Florida required a clear jury finding that the firearm was discharged before the court could enhance a sentence on that basis. See Tucker v. State, 726 So.2d 768 (Fla.1999); State v. Hargrove, 694 So.2d 729 (Fla.1997); State v. Tripp, 642 So.2d 728 (Fla.1994); State v. Overfelt, 457 So.2d 1385 (Fla.1984). See also Koch v. State, 874 So.2d 606 (Fla. 5th DCA 2004).
Accordingly, we reverse the summary denial of the motion as to ground fifteen, either for the attachment of portions of the record refuting the claim or for the court to re-sentence the defendant for count I.
Affirmed in part; reversed in part, and remanded.
STEVENSON, C.J., TAYLOR and MAY, JJ., concur.
NOTES
[1] Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).