942 So.2d 950 (2006)
Raymond ALLENDE, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-3717.
District Court of Appeal of Florida, Fifth District.
November 17, 2006.
James S. Purdy, Public Defender, and Jane C. Almy-Loewinger, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Ann M. Phillips, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, J.
Raymond Allende was originally sentenced to twenty-five years in prison following his conviction for trafficking in cocaine in excess of 200 grams.[1] In his first appeal to this Court, Mr. Allende contended that the trial judge vindictively sentenced him, as a consequence of proceeding to trial, rather than accepting the State's plea offer. Finding that Mr. Allende's claim was procedurally barred, we affirmed. See Allende v. State, 882 So.2d 472 (Fla. 5th DCA 2004). However, in a concurring opinion, two panel members strongly suggested that on the merits, Mr. Allende's claim of a vindictive sentence was well-taken.
Thereafter, Mr. Allende filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, alleging that trial counsel was ineffective for failing to object to the original vindictive sentence. The State conceded Mr. Allende's entitlement to resentencing, and the matter was reassigned to a new judge. After familiarizing herself with the case as required by Florida Rule of Criminal Procedure 3.231, a new sentencing hearing was conducted. Mr. Allende was sentenced *951 to a term of twenty years in prison, followed by probation. Now on appeal, while conceding that the sentence imposed is legal, Mr. Allende contends that the sentence is still vindictive. We disagree and affirm.
A presumption of vindictiveness does not arise here, in part, because the judge who imposed the first sentence was not the judge who imposed the second sentence. Richardson v. State, 821 So.2d 428, 430 (Fla. 5th DCA 2002). Since there is no presumption of vindictiveness, the burden of proving actual vindictiveness is on Mr. Allende. Id. Because he presents nothing to demonstrate that the second trial judge was vindictive, he has failed to meet this burden. See Alabama v. Smith, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989). Absent vindictiveness, the trial judge was free to impose any lawful sentence. Richardson, 821 So.2d at 430. As Mr. Allende concedes, the sentence here was lawful and was, therefore, within the trial judge's discretion.
AFFIRMED.
LAWSON and EVANDER, JJ., concur.
NOTES
[1] § 893.135(1)(b), Fla. Stat. (2002).