977 So.2d 671 (2008)
Ernest Lee PARKER, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-4404.
District Court of Appeal of Florida, Fourth District.
February 27, 2008.
Loren D. Rhoton and Ryan J. Sydejko of Loren Rhoton, P.A., Tampa, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.
SHAHOOD, C.J.
Ernest Lee Parker ("appellant") appeals his twenty-eight year sentence for attempted second degree murder with a firearm. The sentence was imposed upon resentencing *672 following appellant's successful appeal of the trial court's order summarily denying his motion under rule 3.850, Florida Rules of Criminal Procedure. Appellant argues that the sentence he received on resentencing, which replaced a twenty-five year sentence subject to a twenty-five year mandatory minimum, violated the holding of North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).
Appellant was found guilty by a jury of multiple offenses including attempted second degree murder with a firearm. On this count, the trial court sentenced him to twenty-five years in prison with a twenty-five year mandatory minimum for the use of a firearm, pursuant to section 775.087, Florida Statutes (1999). Additionally, the prison sentence was to be followed by fifteen years probation. Appellant later received the same sentence after this court remanded for resentencing following the State's appeal of the sentence imposed for appellant's other convictions. State v. Parker, 812 So.2d 495 (Fla. 4th DCA 2002).
Appellant filed a motion to vacate, set aside, or correct sentence pursuant to rule 3.850, Florida Rules of Criminal Procedure. Appellant argued, inter alia, that the twenty-five year mandatory minimum sentence on the attempted murder with a firearm count was illegal because there was no finding by the jury that appellant discharged a firearm. Appellant appealed the trial court's summary denial of the rule 3.850 motion to this court. We held that a clear jury finding that a firearm was discharged was required before the court could enhance a sentence on that basis. Parker v. State, 921 So.2d 812, 813 (Fla. 4th DCA 2006). We reversed the summary denial of the motion and remanded for attachment of record portions refuting appellant's claim or, alternatively, for resentencing on the attempted second degree murder with a firearm count. Id.
On remand, the trial court stated its intention to give appellant the equivalent of his previous twenty-five year mandatory minimum sentence. The trial court resentenced appellant to twenty-eight years, reasoning that a twenty-five year prison sentence with the twenty-five year mandatory minimum equated to a twenty-eight year prison sentence with no mandatory minimum where the prisoner was eligible for gain time reductions.
Appellant argues that the imposition of the three-year increase in his sentence upon resentencing amounts to a vindictive sentence in violation of Pearce. This is a question of law subject to de novo review by this court. See Trotter v. State, 825 So.2d 362, 365 (Fla.2002).
In Pearce, the Supreme Court held that "[d]ue process of law . . . requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial." 395 U.S. at 725, 89 S.Ct. 2072. The Court concluded that in order to ensure vindictiveness would not play a role, a trial court imposing a more severe sentence at resentencing was required to make the reasons for the more severe sentence affirmatively appear in the record. Id. at 726, 89 S.Ct. 2072. "Pearce and its progeny established `a presumption of vindictiveness, which may be overcome only by objective information in the record justifying the increased sentence.'" Wemett v. State, 567 So.2d 882, 884 (Fla.1990)(quoting United States v. Goodwin, 457 U.S. 368, 374, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982)). The holding of Pearce has since been applied to situations such as the present case where an appellant has successfully challenged only the sentence and not the conviction. See Wemett, 567 So.2d at 884; Richardson *673 v. State, 821 So.2d 428, 430 (Fla. 5th DCA 2002).
In Thomas v. State, 638 So.2d 169, 170 (Fla. 1st DCA 1994), Thomas was originally sentenced to forty years as a habitual violent felony offender subject to a fifteen-year mandatory minimum. He later successfully challenged his sentence as illegal. Thomas, 638 So.2d at 170. Following a hearing, the court resentenced him to fifty years in prison with no mandatory minimum in an attempt to impose a sentence equivalent to the original once gain time and other reductions were taken into ac^ count. Id. at 170-71. Thomas appealed his new sentence, arguing that it represented an impermissible penalty under Pearce for challenging his original sentence. Id. at 170. The First District affirmed, reasoning that no presumption of vindictiveness arose because Thomas had failed to demonstrate that the new sentence was actually more severe than the original sentence. Id. at 172.
In Richardson, Richardson received concurrent sentences of twenty-two and twenty-seven years. 821 So.2d at 430. Richardson then filed a motion to correct sentence pursuant to rule 3.800(b)(2), Florida Rules of Criminal Procedure. Id. He argued the sentences exceeded the maximum allowed by the guidelines. Id. The court granted Richardson's motion, but then sentenced him to two consecutive fifteen-year sentences without explanation. Id. at 431.
On appeal, Richardson claimed that his sentence was vindictive because it increased the aggregate sentence from twenty-seven to thirty years without an explanation. Id. The appellate court agreed, finding the vindictiveness presumption of Pearce applicable and noting that the last two sentencing hearings had been conducted by the same judge with the same information. Id. The court stated that "there was no independent legal basis or identifiable conduct on Richardson's part, other than the filing of a legally meritorious 3.800 motion, which occurred after the imposition of the twenty-seven year sentence to justify the harsher sentence." Id.
In this case, the same trial judge that previously sentenced appellant increased the length of the sentence by three years, with no independent legal basis or identifiable conduct by appellant as a basis for the increase. We hold that the trial court erred in resentencing appellant, despite its attempt to achieve a sentence equivalent to appellant's previous sentence by taking possible gain time reductions into consideration. We stress that our holding is not that there was actual vindictiveness on the part of the trial judge, but rather that the presumption of vindictiveness was not overcome. See Wemett, 567 So.2d at 886.
We accordingly reverse and remand for resentencing with directions that appellant be sentenced to a period of not more than twenty-five years, reduced by any applicable credits. We also certify conflict with Thomas to the extent of any inconsistency.
Reversed and Remanded.
FARMER and TAYLOR, JJ., concur.