# Third District Court of Appeal

**State of Florida**

Opinion filed November 30, 2016.
Not final until disposition of timely filed motion for rehearing.

————————

No. 3D15-1520
Lower Tribunal No. 09-40818

————————

**Franklin Lawton,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Stacy D. Glick, Judge.

Carlos J. Martinez, Public Defender, and Marti Rothenberg and Jonathan Greenberg, Assistant Public Defenders, for appellant.

Pamela Jo Bondi, Attorney General, and Sandra Lipman, Assistant Attorney General, for appellee.

Before SUAREZ, C.J., and LAGOA and SCALES, JJ.

LAGOA, J.

Franklin Lawton ("Lawton") appeals from his sentence. On appeal, Lawton argues that the trial court impermissibly considered his lack of remorse when

imposing sentence.[1]  For the reasons discussed below, we vacate Lawton's sentence and remand for resentencing before a different judge.

I.    FACTUAL AND PROCEDURAL BACKGROUND

Pursuant to section 921.0026(2)(d), Florida Statutes (2015), Lawton filed a motion for a downward departure based on the grounds that he required specialized treatment for his physical disabilities and was amenable to treatment.  Neither in his motion nor at the hearing did Lawton raise rehabilitation or remorse as reasons for mitigation.  At the hearing on the downward departure motion, the State argued that Lawton did not require specialized treatment that could not be handled in prison.  The State further argued that:

> THE STATE: [I]n light of the fact that Mr. Lawton has, still to this day, not expressed any remorse for what he's done or any responsibility for something that he has now been adjudicated guilty by 6 of his peers and in light of the victim's wishes, the State is requesting that your Honor sentence him to a minimum of five years in state prison . . . .

After hearing arguments, the trial court issued its ruling and stated:

> THE COURT: … I know that Mr. Lawton was offered a plea and then the State kind of came back on the plea.  I think that it was a negotiation between the Defense and the prosecutor and I don't believe that the victim's mom was okay with it, if I remember correctly.
>
> I want to talk to the victim in this case. I know that this will be with you for the rest of your life.  It will be with you for the rest of your life.  I am very impressed

---

[1] Both sides concede that the issue was not preserved and that the issue must be considered under a fundamental error analysis.

that you continued to grow in your studies and you haven't let this effect [sic] you to the point where you've given up. There was DNA in this case, found. I heard the evidence that was presented to the jury in this case, including the DNA. While Mr. Lawton has the right to remain silent and he does not have to address the victim, in any way, and make any kind of statement to the victim. There is a difference between taking responsibility for a crime and having remorse. And I have seen no remorse for the crime. Zero. Whether he believes he did it or not, the jury has spoken. And I think that it would have been appropriate to at least say I'm sorry you were just in this situation. He doesn't have to admit to anything, but at least recognize that we have a victim here who's been violated and there is DNA that shows that and he still, to this day, have [sic] not shown a drop of remorse to this family.

He is 72-years-old, not in the best health, I understand that. The victim is asking for five plus years, the State is asking for five, and based on everything that has been presented to me today, I'm going to sentence Mr. Lawton to, be adjudicated guilty, sentenced to 8 years state prison, with all credit for time served.

The trial court sentenced Lawton to 8 years in prison.

II.    ANALYSIS

It is well established that "[w]hile a sentencing court has wide discretion as to the factors it may consider in imposing a sentence, it is constitutionally impermissible for it to consider the fact that a defendant continues to maintain his innocence and is unwilling to admit guilt." Ritter v. State, 885 So. 2d 413, 414 (Fla. 1st DCA 2004). Consideration of remorse, however, is appropriate where a

3

defendant injects rehabilitation into the case as remorse is part of rehabilitation. See Rankin v. State, 174 So. 3d 1092, 1097 (Fla. 4th DCA 2015).

Here, the record contains no evidence that Lawton filed a motion for a downward departure based on rehabilitation or otherwise injected remorse into his argument for mitigation. See Rankin, 174 So. 3d at 1098 (finding that trial court properly considered defendant's lack of remorse as it went to the heart of the statutory basis for the downward departure, i.e., that "[t]he offense was committed in an unsophisticated manner and was an isolated incident for which the defendant has shown remorse"). A review of the record shows that the only statutory ground Lawton pursued was based on "physical disability." § 921.0026(2)(d), Fla. Stat. Indeed, the State—not Lawton—raised remorse as a ground for denying the motion. The trial court's consideration of remorse, therefore, constituted an impermissible factor in imposing its sentence.

Because we find that the trial court's consideration of Lawton's lack of remorse constituted fundamental error, we reverse and vacate the sentence. See Davis v. State, 149 So. 3d 1158, 1160 (Fla. 4th DCA 2014) (finding that a "trial court's consideration of a defendant's lack of remorse in imposing its sentence is fundamental error"). We further direct that Lawton be resentenced before a different judge.

Reversed and remanded.