PER CURIAM.
Raymond Strong was convicted following trial of aggravated battery on a pregnant person and false imprisonment and brings this appeal. We affirm his convictions without further discussion. However, because we agree with Strong that the trial judge fundamentally erred when she injected Strong's failure to show remorse as a factor in sentencing, we vacate the sentences and remand for resentencing before a different judge.
Strong testified at trial that he did not touch the victim and essentially was not present when the victim was injured. The jury found otherwise, and the trial judge deferred sentencing. At this later hearing, Strong's counsel very briefly argued one statutory ground under section 921.0026(2), Florida Statutes (2015), for a downward departure sentence. Notably, Strong did not seek a departure sentence on the basis that the "offense was committed in an unsophisticated manner and was an isolated incident for which the defendant *200 has shown remorse." See § 921.0026(2)(j), Fla. Stat. (2015).
Strong also spoke at his sentencing and steadfastly maintained his innocence. He expressed no remorse, made no apology or expression of sympathy for or empathy towards the victim, nor suggested that he had become rehabilitated subsequently to the trial. Strong continued to deny responsibility for the crimes for which he stood convicted and primarily laid blame for his convictions on the failings of society as a whole as well as "corrupt judges, attorneys and policemen." Strong concluded that his intent going forward was "to clear his name." In response, the State did not argue to the trial judge that she should consider Strong's lack of remorse or failure to take responsibility for his crimes when imposing sentence. The trial judge, however, in pronouncing sentence, related that it was Strong's "failure to have any kind of remorse" and his insistence on being respected both as a person and a father that caused her to conclude that a downward departure sentence was inappropriate.
As a general rule, a court "may not base its sentencing decision on a defendant's lack of remorse or failure to take responsibility." Catledge v. State , 255 So.3d 937, 940 (Fla. 1st DCA 2018) (citing Hayes v. State , 150 So.3d 249, 251 (Fla. 1st DCA 2014) ). Further, "[w]here 'a statement made by the trial court can reasonably be read only as conditioning the sentence, at least in part, upon appellant's claim of innocence,' fundamental error occurs." Id. (quoting Macan v. State , 179 So.3d 551, 553 (Fla. 1st DCA 2015) ); see also Whitmore v. State , 27 So.3d 168, 172 (Fla. 4th DCA 2010) (ruling that fundamental error occurred when the court based its sentence on the defendant's lack of remorse and refusal to accept responsibility).
The State asserts that this general rule is not absolute and that under Catledge , and this court's opinion in Corbitt v. State , 220 So.3d 446 (Fla. 5th DCA 2016), the trial judge's consideration of Strong's lack of remorse was appropriate here because it was done in the context of determining whether any grounds for mitigation of Strong's sentences existed, and not in fashioning the sentence. Corbitt and Catledge are readily distinguishable from the case at hand.
In Corbitt , the parties entered into a plea agreement during trial. 220 So.3d at 448. The agreement provided that Corbitt would enter a plea to two of the charges, the State would waive the minimum mandatory sentences applicable to these two counts, and it would file a nolle prosequi to all remaining charges. Id. As a result, Corbitt's sentencing range was 16.85 years to life in prison. Id. During the subsequent plea colloquy, a factual basis for the plea was established, Corbitt admitted his involvement in the two charged crimes, and he specifically testified to shooting one of the victims. Id.
Prior to sentencing, Corbitt moved to withdraw his plea. Id. at 449. At the hearing on his motion, Corbitt argued that at the time he executed the plea agreement, he did not understand that life in prison was still a potential sentence. Id. The court denied the motion and then proceeded with sentencing. Id. Corbitt then shifted gears as to his culpability for the crimes. Id. Although he still acknowledged some involvement in the crimes, Corbitt made "excuses for his misconduct in an attempt to mitigate his sentence," claimed not to remember the shooting, and asserted that his now-deceased accomplice "was primarily responsible for the crimes." Id. He also presented several witnesses who testified in mitigation. Id. The trial court, in considering the appropriate sentence and whether *201 mitigating factors existed, noted that Corbitt accepted little responsibility for his actions. Id. at 450.
We did hold that the trial court properly considered Corbitt's lack of responsibility or remorse in attempting to find mitigating factors during sentencing. Id. at 452. Nevertheless, our court expressly recognized the continued viability of the general rule prohibiting the trial court from considering a defendant's lack of responsibility or remorse "in cases where the defendant entered a plea of not guilty, proceeded to trial, and continued to maintain his innocence at sentencing." Id. at 453-54. However, we concluded that this rule had no application when the defendant waived his rights, entered a plea, and admitted his guilt. Id. at 454. Here, and unlike the defendant in Corbitt , Strong never admitted guilt or his involvement in the crimes for which he was convicted and maintained his innocence at sentencing.
In Catledge , the First District Court observed that in seeking mitigation of his sentence for false imprisonment, the defendant specifically injected the issue of remorse, including a statement of apology, into the proceedings. 255 So.3d at 938. The court held that by the defendant doing so, the trial court thereafter properly considered all factors relevant to mitigation, including the defendant's remorse or lack thereof. Id. In contrast, Strong never injected or argued remorse as a basis for mitigating his sentence and made no apology.
We find that the present case is more analogous to the Third District Court of Appeal's case of Lawton v. State , 207 So.3d 359 (Fla. 3d DCA 2016). There, like here, the defendant asserted one ground for a downward departure sentence, unrelated to section 921.0026(2)(j), Florida Statutes, which specifically allows the trial judge to consider a defendant's remorse for his crimes. Id. at 360. Moreover, the defendant never raised issues of remorse or rehabilitation in his argument to the court for mitigation. Id. The State argued against a downward departure non-prison sentence, commenting that the defendant "has, still to this day, not expressed any remorse for what he's done." Id. The trial court agreed and imposed a prison sentence. Id. at 361. The Third District Court vacated the defendant's sentence, finding that under the circumstances, the trial court's consideration of the defendant's lack of remorse in sentencing constituted fundamental error. Id. at 361 (citing Davis v. State , 149 So.3d 1158, 1160 (Fla. 4th DCA 2014) ).
In the present case, we conclude that the trial judge sua sponte injected and thus improperly considered Strong's lack of remorse in imposing sentence. Accordingly, we affirm Strong's convictions, vacate his sentences, and remand with directions that Strong be resentenced before a different judge.
CONVICTIONS AFFIRMED; SENTENCES VACATED; REMANDED for RESENTENCING.
EVANDER, C.J., and COHEN, J., concur.
LAMBERT, J., concurring specially with opinion.
LAMBERT, J., concurring specially.
I agree with the majority opinion. But for the trial judge's expressed consideration of remorse when fashioning Strong's prison sentence, I suspect that this case would have been affirmed without opinion. I write briefly to address the resentencing process.
Based on our decision today, Strong will now appear before a successor judge. That judge will be required to become acquainted *202 with what transpired at trial[1] so that whatever sentence he or she may impose is a product of independent judgment. See Ross v. State , 958 So.2d 442, 443 (Fla. 4th DCA 2007). Resentencing proceedings are a "clean slate." The defendant's vacated sentence is a nullity, and resentencing proceeds de novo on all issues bearing on a proper sentence. See Branton v. State , 187 So.3d 382, 385 (Fla. 5th DCA 2016) (quoting Galindez v. State , 955 So.2d 517, 525 (Fla. 2007) (Cantero, J., specially concurring) ). Both the State and Strong may produce additional evidence and argument at resentencing and are not limited to the evidence presented, or not presented, at the original sentencing. See id. (citing Lucas v. State , 841 So.2d 380, 387 (Fla. 2003) ).
So that it is clear, Strong's now-vacated sentences did not impose a ceiling on the sentences that the successor judge may impose at resentencing. Having been convicted of a second-degree felony and a third-degree felony, Strong is now facing an aggregate sentence of up to twenty years in prison, which is considerably longer than the original concurrent prison sentences Strong received. If the successor judge chooses to impose a harsher sentence, there is no presumption of vindictiveness in violation of North Carolina v. Pearce , 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), because the judge did not impose the original sentence. See Richardson v. State , 821 So.2d 428, 430 (Fla. 5th DCA 2002). Absent proof of actual vindictiveness by the successor judge, he or she is free to impose any lawful sentence. See Allende v. State , 942 So.2d 950, 951 (Fla. 5th DCA 2006) (citing Richardson , 821 So.2d at 430 ).

See Fla. R. Crim. P. 3.700(c)(1).