COHEN, J.
Following a jury trial, John Piccinini was convicted of two counts of animal cruelty pursuant to section 828.12(2), Florida Statutes (2015).[1] The allegations were that on two separate days, Piccinini intentionally inflicted excessive and unnecessary pain and suffering on a dog, the latter of which resulted in the dog's death.[2]
Piccinini raised a number of issues on appeal related to the conduct of the trial. We find no reversible error in the trial court's handling of the trial nor in the denial of Piccinini's motions for judgment of acquittal. Piccinini provided at least three different stories in an attempt to explain the dog's injuries and death, all of which were inconsistent with the testimony of the treating veterinarian as well as the veterinarian who performed a necropsy on the dog. Contrary to Piccinini's position, the State presented compelling evidence sufficient to rebut any reasonable hypothesis of innocence. Thus, we affirm his conviction.
However, we find that during the sentencing proceedings, the trial court erred in considering Piccinini's failure to accept responsibility for the dog's injuries and death. Prior to sentencing, Piccinini moved for a nonstate prison sanction or, alternatively, to empanel a jury for sentencing.[3] He argued, in part, that *212 section 775.082(10), Florida Statutes (2015), established a presumptive nonstate prison sentence for defendants like him, who scored 22 points or less under the sentencing guidelines, from which a trial court could deviate up to the statutory maximum of imprisonment in a state correctional facility upon a finding that the defendant presented a danger to the public.[4]
At the sentencing hearing, Piccinini presented evidence addressing his future dangerousness through the testimony of an expert witness, Dr. Robert Cohen, who performed a psychological evaluation on Piccinini. As to his evaluation, Dr. Cohen testified:
Well, I-I looked at several things. When I do a forensic evaluation, I allow the person I'm evaluating a lot of leeway to tell me all about themselves, to-I give them the opportunity to sort of tell their story the way they want to tell the story, and I see the way that they take responsibility, don't take responsibility, the way they empathize with people in-in the -the case.
....
I also did an evaluation looking at features of psychopathy. And psychopathy are, you know, features that we see sometimes in antisocial personality disorder, people who have very low sense of morality, or a low sense of self-consciousness or consciousness of other people. They step on other people, they manipulate other people, they lie pathologically, they don't take responsibility, they live a parasitic lifestyle.
Dr. Cohen concluded that there was no evidence of psychopathy and that Piccinini did not present a danger to the community.
Although the trial court rejected Dr. Cohen's testimony, it did not impose a Department of Corrections sentence. On count one, the court sentenced Piccinini to fifty-one weeks in Orange County Jail with credit for time-served, followed by one year of community control and three years of probation. On count two, the court imposed four years of probation consecutive to the one year of community control.[5] In pronouncing the sentence, the court recounted the evidence presented at trial and then stated:
The other thing is that, Mr. Piccinini has taken no responsibility for any of the injuries. Although [the veterinarian] indicated that some of the injuries were fresh and some of them were old injury, but there were multiple injuries, and they were caused from blunt force trauma and-but all of the treatments, all-both times, when the animal required medical treatment or medical attention, it was for the times after [the dog] had been left alone with Mr. Piccinini.
The other thing that really bothers me is, I-I've heard Dr. Cohen's testimony. I don't see that Mr. Piccinini took responsibility for anything that happened to [the dog]. One of the comments at *213 trial was that the door was left open, and perhaps the neighbor-neighborhood kids had something to do with it, perhaps [the fiancée's] father had something to do with it, perhaps even [the fiancée], herself, had something to do with the post-mortem injury to [the dog's] head. Everybody was blamed except Mr. Piccinini.
On appeal, Piccinini argues that the trial court fundamentally erred by considering his failure to take responsibility and his lack of remorse.[6]
"Generally, the trial court's imposition of a sentence that is within the minimum and maximum limits set by the legislature 'is a matter for the trial [c]ourt in the exercise of its discretion, which cannot be inquired into upon the appellate level.' " Berben v. State, 268 So. 3d 235, 237 (Fla. 5th DCA 2019) (quoting Nusspickel v. State, 966 So. 2d 441, 444 (Fla. 2d DCA 2007) ). "However, an exception exists when the trial court considers constitutionally impermissible factors in imposing a sentence." Id. (citing Kenner v. State, 208 So. 3d 271 (Fla. 5th DCA 2016) ). " '[W]hen a trial court relies on impermissible factors in sentencing a defendant, the court violates the defendant's due process rights,' committing fundamental error." Id. (quoting N.D.W. v. State, 235 So. 3d 1001, 1002 (Fla. 2d DCA 2017) ).
The State counters that the trial court's consideration of Piccinini's failure to accept responsibility for his actions was in response to Dr. Cohen's testimony. However, the trial court's comments undermine the State's position. The trial court specifically focused on Piccinini's failure to accept responsibility for his actions regarding the dog's injuries and death. The court then continued with that theme in discussing Dr. Cohen's testimony, noting that "the other thing" that bothered the court was Piccinini's attempt to place blame on everyone else but himself. (Emphasis added).
As was his right, Piccinini maintained his innocence throughout the proceedings. While a trial court has discretion to consider a wide range of factors when imposing a sentence, consideration of a lack of remorse or failure to take responsibility, under these circumstances, is not permissible and constitutes fundamental error.[7] See Strong v. State, 263 So. 3d 199 (Fla. 5th DCA 2019) ; Robinson v. State, 108 So. 3d 1150 (Fla. 5th DCA 2013) ; see also Lawton v. State, 207 So. 3d 359 (Fla. 3d DCA 2016).
Accordingly, we affirm Piccinini's conviction, vacate his sentence, and remand for resentencing before a different judge. See Strong, 263 So. 3d at 199-202 (affirming conviction but vacating sentence and remanding for resentencing before a new judge where original judge impermissibly relied on defendant's lack of remorse in imposing the sentence).
AFFIRMED in part; REVERSED in part; and REMANDED.
EISNAUGLE and SASSO, JJ., concur.

Section 828.12(2), Florida Statutes (2015), provides:
A person who intentionally commits an act to any animal, or a person who owns or has the custody or control of any animal and fails to act, which results in the cruel death, or excessive or repeated infliction of unnecessary pain or suffering, or causes the same to be done, commits aggravated animal cruelty, a felony of the third degree ....

The dog belonged to Piccinini's then-fiancée.

A nonstate prison sanction is "understood to mean probation, community control, or imprisonment in the county jail for up to one year." Reed v. State, 192 So. 3d 641, 645 (Fla. 2d DCA 2016) (quoting Jones v. State, 71 So. 3d 173, 175 (Fla. 1st DCA 2011) ).

Section 775.082(10), Florida Statutes (2015), provides:
If a defendant is sentenced for an offense committed on or after July 1, 2009, which is a third degree felony but not a forcible felony as defined in s. 776.08, and excluding any third degree felony violation under chapter 810, and if the total sentence points pursuant to s. 921.0024 are 22 points or fewer, the court must sentence the offender to a nonstate prison sanction. However, if the court makes written findings that a nonstate prison sanction could present a danger to the public, the court may sentence the offender to a state correctional facility pursuant to this section.

The court did not rule on Piccinini's sentencing motion but complied with section 775.082(10) in sentencing him to a nonstate prison sanction.

Piccinini failed to object to the trial court's comments at the sentencing hearing.

In contrast, this Court has distinguished circumstances where a defendant has entered a plea admitting involvement in crimes and seeks mitigation, or where a defendant seeks a downward departure based upon remorse. See Corbitt v. State, 220 So. 3d 446 (Fla. 5th DCA 2016).